737 So.2d 1120 (1999)
Pedro J. SENTENO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02904.
District Court of Appeal of Florida, Second District.
May 28, 1999.
Rehearing Denied July 2, 1999.
Roger L. Fishell, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Judge.
The appellant, Pedro J. Senteno, challenges his judgments and sentences for two counts of DUI manslaughter, DUI with personal injury, DUI with property damage, leaving the scene of an accident involving injury or death, and driving while license suspended and causing serious injury or death. He raises several issues; however, we find merit only in his contention that he was improperly convicted of both DUI manslaughter and driving while license suspended and causing death or injury to the same victim. We therefore reverse on that issue only.
According to State v. Cooper, 634 So.2d 1074 (Fla.1994), a defendant may not be convicted of both DUI manslaughter and driving while license suspended or revoked and causing death, with respect to the same victim. See also Jackson v. State, 702 So.2d 607 (Fla. 5th DCA 1997). A defendant may, however, be convicted of both DUI manslaughter and driving while license suspended or revoked, arising from the same incident. Cooper. For that reason, this cause is reversed and remanded for resentencing on all counts with a corrected scoresheet, which deletes the conviction for driving while license suspended and causing death. Senteno's remaining convictions are otherwise affirmed.
*1121 Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.