771 So.2d 1254 (2000)
James Dale PELHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1856.
District Court of Appeal of Florida, Second District.
November 15, 2000.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
James Dale Pelham appeals his convictions and sentences for DUI manslaughter *1255 and leaving the scene of an accident involving death. We affirm Pelham's conviction for DUI manslaughter without comment. However, we remand this case to the trial court to vacate Pelham's conviction for leaving the scene of an accident resulting in death.
On October 18, 1996, Pelham hit and killed a pedestrian while driving home from a bar. The State charged Pelham with DUI manslaughter and leaving the scene of an accident involving death based on this incident. A jury found Pelham guilty as charged, and the trial court adjudicated Pelham guilty of both offenses and sentenced him to a guidelines sentence under the 1995 sentencing guidelines.
Pelham contends that the trial court improperly adjudicated him guilty and sentenced him on two separate convictions enhanced by a single death. The State concedes that two convictions enhanced by a single death are improper. See State v. Cooper, 634 So.2d 1074, 1074-75 (Fla.1994) (holding that it is improper to convict and sentence a defendant for both DUI manslaughter and driving while license suspended and causing the death of another based on a single death, but noting that a defendant could be convicted of both DUI manslaughter and driving while license suspended or revoked); State v. Chapman, 625 So.2d 838 (Fla.1993) (holding that it is improper to convict and sentence a defendant for both DUI manslaughter and vehicular homicide based on a single death). No Florida case addresses the issue of convictions for both DUI manslaughter and leaving the scene of an accident resulting in death based on a single death. However, applying the logic of Cooper and Chapman to this case, we conclude that one of Pelham's convictions must be vacated.
Cooper holds that "it is inappropriate to enhance the degree of both crimes by using a single homicide." Cooper, 634 So.2d at 1075. Section 316.061, Florida Statutes (1995), makes it a misdemeanor for a driver to leave the scene of an accident resulting in any property damage. Section 316.027(1)(a), Florida Statutes (1995), makes it a third-degree felony for a driver to leave the scene of an accident resulting in injury to any person. Section 316.027(1)(b), Florida Statutes (1995), makes it a second-degree felony for a driver to leave the scene of an accident resulting in the death of any person. Clearly, the punishment for leaving the scene of an accident is enhanced by a death. Pelham's DUI manslaughter conviction has already been enhanced by the death of the pedestrian. Therefore, we conclude that Pelham's leaving the scene conviction cannot be enhanced by that same death, and one of the two convictions must be vacated.
Pelham correctly points out that the conviction for the lesser offense is usually vacated. See Collins v. State, 605 So.2d 568, 569 n. 6 (Fla. 5th DCA 1992). In this case, both offenses are second-degree felonies; however, the leaving the scene conviction is scored at level five while the DUI manslaughter conviction is scored at level eight. See § 921.0012, Fla. Stat. (Supp.1994). Therefore, we affirm Pelham's conviction for DUI manslaughter and vacate Pelham's conviction for leaving the scene of an accident resulting in death.
Pelham also points out that his original sentencing scoresheet was calculated using the 1995 sentencing guidelines. The supreme court recently held that the 1995 sentencing guidelines are unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla. 2000). Pelham's offense date falls within the window for relief under Heggs. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000). Therefore, in resentencing Pelham, the trial court must use the valid guidelines in effect on the date of his offense.
Affirmed in part; vacated in part and remanded.
PARKER, A.C.J., and FULMER and WHATLEY, JJ., Concur.