815 So.2d 733 (2002)
James Dale PELHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1383.
District Court of Appeal of Florida, Second District.
April 26, 2002.
*734 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
The appellant, James Dale Pelham, challenges his resentencing after remand with respect to his conviction for DUI manslaughter, an offense he committed in 1996. We reverse.
In a previous appeal, this court affirmed Pelham's DUI manslaughter conviction but vacated his conviction for leaving the scene of an accident involving death, because it arose out of the same criminal episode as the DUI manslaughter offense. See Pelham v. State, 771 So.2d 1254 (Fla. 2d DCA 2000) (Pelham I).[1] Pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), this court, in Pelham I, also reversed Pelham's 1995 guidelines sentence and remanded for a de novo resentencing under the 1994 guidelines. 771 So.2d at 1255.
Upon resentencing after remand, the trial court refused to allow Pelham an opportunity to challenge the accuracy of his 1994 guidelines scoresheet with respect to the scoring of victim injury points and the scoring of certain prior convictions. Pelham has thus now timely appealed, and the State properly concedes error. This cause is therefore reversed and remanded once again for a de novo resentencing under the 1994 guidelines "with the full array of due process rights." St. Lawrence v. State, 785 So.2d 728, 729-30 (Fla. 5th DCA 2001) (citing State v. Scott, 439 So.2d 219, 220 (Fla.1983), and Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997)).
Reversed and remanded for resentencing.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] In Lawrence v. State, 801 So.2d 293 (Fla. 2d DCA 2001), this court, en banc, receded from its earlier holding in Pelham I. In Lawrence, this court concluded that a defendant can be convicted of both DUI manslaughter and leaving the scene of an accident involving death with respect to the same criminal episode. 801 So.2d at 295. Lawrence, however, does not affect our disposition here, because Pelham I is now the law of the instant case.