987 So.2d 1237 (2008)
Kevin KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-702.
District Court of Appeal of Florida, Second District.
August 13, 2008.
*1238 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Kevin Kelly was convicted of the following third-degree felonies: (1) driving under the influence with serious bodily injury, (2) driving without a valid driver's license with serious bodily injury, and (3) leaving the scene of an accident with injury. See §§ 316.193(3)(c)(2), 322.34(6), 316.027(1)(a), Fla. Stat. (2004). This appeal initially proceeded pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Kelly, pro se, raised the issue of whether a single injury could support the convictions for the three offenses, and this court ordered supplemental briefing. Having considered the supplemental briefs, we now reverse the conviction and sentence for driving without a valid driver's license with serious bodily injury. We affirm the convictions for driving under the influence with serious bodily injury and leaving the scene of an accident with injury but reverse the sentences for those crimes and remand for resentencing.
In the supplemental briefing, defense counsel relies upon State v. Cooper, 634 So.2d 1074 (Fla.1994). There, the supreme court determined that Cooper could be convicted of (1) DUI manslaughter and (2) driving while license suspended, but not (1) DUI manslaughter and (2) driving while license suspended and carelessly or negligently causing the death of another "because he has already been punished for the death by the DUI manslaughter conviction." Id. at 1075. The defense points out that this court followed Cooper in Hunt v. State, 769 So.2d 1109, 1111 (Fla. 2d DCA 2000), and determined that a conviction for vehicular homicide/leaving the scene of an accident involving death barred, on double jeopardy grounds, convictions for causing death while driving with a suspended license and leaving the scene of an accident causing injury. Defense counsel also relies upon State v. Chapman, 625 So.2d 838, 839 (Fla.1993), in which the supreme court determined that a single death could not support convictions for both DUI manslaughter and vehicular homicide.
The defense attempts to distinguish Lawrence v. State, 801 So.2d 293 (Fla. 2d DCA 2001) (en banc), the case upon which the State relies to argue that there is no double jeopardy violation and that all the convictions should be affirmed. In Lawrence this court determined that convictions for DUI manslaughter and leaving the scene of an accident involving death did not violate double jeopardy principles. Id. at 294. This court recognized that in Chapman and Cooper the supreme court held that "the legislature did not intend to impose more than one penalty for causing the death of a single victim." Id. However, this court distinguished those cases, explaining that Lawrence was not punished *1239 under two separate homicide statutes for one death, as in Chapman. Id.
In addition, Lawrence was charged with only one offense that contained an element of causation, DUI manslaughter. Id. at 295. The court observed that the offense of leaving the scene of an accident involving death does not require a showing that the defendant caused the death. Id. In contrast, Cooper dealt with two offenses that involved causation: DUI manslaughter, and driving while license suspended and carelessly or negligently causing the death of another. Id. at 294. Further, the two convictions in Lawrence were the result of two separate acts that happened sequentially: "She first operated her vehicle while intoxicated and caused a death. Thereafter, she left the scene of the accident when she knew or should have known of the death." Id. at 295.
Based on Lawrence, Kelly was properly convicted of both DUI with serious bodily injury and leaving the scene of an accident with injury. Only the DUI with serious bodily injury offense contains an element of causation. See § 316.193(3)(c)(2). The leaving the scene of the accident with injury offense does not require that Kelly caused the injury; the offense only requires that he was driving a vehicle that was involved in an accident in which injury occurred. See § 316.027(1)(a). Furthermore, like Lawrence, the two offenses occurred sequentially. Kelly operated his vehicle while intoxicated and caused an injury. Then he fled the scene when he knew or should have known of the injury. Thus, there was no double jeopardy violation with respect to the judgments and sentences for DUI with serious bodily injury and leaving the scene of an accident with injury.
However, Kelly was improperly convicted of both DUI with serious bodily injury and driving without a valid license with serious bodily injury. In Cooper, the supreme court prohibited Cooper's convictions for DUI manslaughter and for driving while license suspended and carelessly or negligently causing the death of another, reiterating "that there can be but one penalty imposed for causing the death of a single victim." 634 So.2d at 1074.
Here, Kelly was punished twice for causing injury to a single victim. The parties do not dispute that DUI with serious bodily injury contains an element of causation. See § 316.193(3)(c)(2). But, contrary to the parties' assertions, the offense of driving without a valid license with death or serious bodily injury also contains an element of causation. See § 322.34(6). Section 322.34(6) provides that a person who operates a motor vehicle without a valid license "and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being" commits a third-degree felony. In addition, these two crimes did not occur sequentially but occurred in the one act of operating a vehicle and thereby causing serious bodily injury to another person.
Although convictions for both DUI with serious bodily injury and driving without a valid license would be permissible under the Cooper rationale, convictions for both DUI with serious bodily injury and driving without a valid license with serious bodily injury based on the injury to only one victim are not permissible. See also Senteno v. State, 737 So.2d 1120, 1120 (Fla. 2d DCA 1999) (citing Cooper for the proposition that "a defendant may not be convicted of both DUI manslaughter and driving while license suspended or revoked and causing death, with respect to the same victim"). Thus, consistent with Cooper and Senteno, we reverse Kelly's conviction and sentence for driving without a valid license with serious bodily injury. We affirm the convictions on counts one and *1240 three but reverse the sentences and remand for resentencing on the remaining two counts with a corrected scoresheet. See Senteno, 737 So.2d at 1120.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.