SAWAYA, J.
 

 Joseph Lott appeals his conviction and sentence for driving while license suspended (DWLS) causing serious bodily injury
 
 [1]
 
 and reckless driving causing serious injury.
 
 [2]
 
 This case stems from a car accident, which occurred while Lott was fleeing from a police officer in a stolen car. As a result of the accident, the driver of the other car suffered serious injuries. Based on this incident, Lott was charged with: (1) fleeing or attempting to elude a police officer; (2) DWLS causing serious bodily injury; (3) reckless driving causing serious injury; (4) leaving the scene of a crash involving personal injury; and (5) grand theft of a motor vehicle. He entered a no contest plea to all five of the charges and he was sentenced accordingly. On appeal, Lott contends his conviction for both DWLS causing serious bodily injury and reckless driving causing serious injury is a double jeopardy violation because there was only one victim. We disagree and affirm.
 

 Although the Constitution prohibits multiple prosecutions, convictions and sentences for the same criminal offense, the courts have consistently held that “there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.”
 
 Valdes v. State,
 
 3 So.3d 1067, 1069 (Fla.2009);
 
 see also McKinney v. State,
 
 66 So.3d 852 (Fla.2011). We know that the crimes the defendant has been convicted of in the instant case arose out of the same criminal transaction, so the first step in the inquiry is to determine whether there is a clear statement of legislative intent to authorize or to prohibit separate punishments for violations of sections 316.192(3)(c)2. and 322.34(6)(b), Florida Statutes. The analysis of these two statutes reveals no clear statement of legislative intent one way or the other.
 

 
 *558
 
 “[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the
 
 Blockburger
 
 ‘same-elements’ test pursuant to section 775.021(4) ... is the sole method of determining whether multiple punishments are double-jeopardy violations.”
 
 Gaber v. State,
 
 684 So.2d 189, 192 (Fla.1996) (footnote omitted);
 
 see also Valdes,
 
 3 So.3d at 1070 (“ ‘Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the
 
 Blockburger
 
 test, as codified in section 775.021, Florida Statutes (1997), to determine whether separate offenses exist.’” (quoting
 
 Gordon v. State,
 
 780 So.2d 17, 19-20 (Fla.2001),
 
 receded from on other grounds by
 
 Valdes)). Therefore, the next step in the double jeopardy analysis is the application of the Blockburger
 
 [3]
 
 test codified in section 775.021(4), Florida Statutes,
 
 [4]
 
 which provides:
 

 (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
 

 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.[
 
 5
 
 ]
 

 The Legislature has clearly expressed its intent in section 775.021(4)(a) that an individual who commits an act or acts that constitute separate criminal offenses committed in a single transaction shall be punished separately for each offense. Offenses are separate offenses if each requires proof of an element that the other does not. Both statutes at issue here, sections 316.192(3)(c)2. (reckless driving) and 322.34(6)(b) (driving with a suspended license), require proof of an element that the other does not. Hence the Legislature intends separate convictions and sentences for each offense unless the offenses fall into one of the enumerat
 
 *559
 
 ed exceptions listed in section 775.021(4)(b).
 
 See Valdes,
 
 3 So.3d at 1071.
 

 The first exception does not apply. As previously stated, the offenses do not require identical elements of proof. Under the second exception, “ ‘[t]he Legislature intended] to disallow separate punishments for crimes arising from the same criminal transaction only when the
 
 statute
 
 itself provides for an offense with multiple degrees.’ ”
 
 Valdes,
 
 3 So.3d at 1076 (quoting
 
 State v. Paul,
 
 934 So.2d 1167, 1176 (Fla.2006) (Cantero, J., specially concurring),
 
 receded from on other grounds hy Valdes).
 
 This exception does not apply because “the two offenses are found in separate statutory provisions; neither offense is an aggravated form of the other; and they are clearly not degree variants of the same offense.”
 
 Valdes,
 
 3 So.3d at 1077.
 

 The third exception does not apply because one offense is not a category one, necessarily lesser included offense of the other.
 
 See State v. Florida,
 
 894 So.2d 941, 947 (Fla.2005) (“[Subsection (4)(b)(3) applies only to necessarily lesser included offenses listed in Category 1 of the Schedule of Lesser Included Offenses .... ”),
 
 receded from on other grounds by Valdes; see also McKinney v. State,
 
 51 So.3d 645 (Fla. 1st DCA 2011). “Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense.”
 
 Sanders v. State,
 
 944 So.2d 203, 206 (Fla.2006),
 
 quoted in Coicou v. State,
 
 39 So.3d 237, 243 (Fla.2010). Because the offenses at issue here contain different elements that are not subsumed within the other, one is not a necessarily included offense of the other.
 
 [6]
 

 Based on the
 
 Valdes
 
 analysis, we conclude that convictions and punishments for driving while license suspended (DWLS) causing serious bodily injury and reckless driving causing serious bodily injury do not violate double jeopardy when both convictions arise out of a single transaction.
 

 Lott contends otherwise based on
 
 State v. Cooper,
 
 634 So.2d 1074 (Fla.1994), where the Florida Supreme Court held that “[i]t is entirely appropriate to convict a person of both DUI manslaughter and driving while license is suspended, but it is inappropriate to enhance the degree of both crimes by using a single homicide.”
 
 Id.
 
 at 1074-75 (citing
 
 State v. Chapman,
 
 625 So.2d 838 (Fla.1993), and
 
 Houser v. State,
 
 474 So.2d 1193 (Fla.1985)). Lott wants to extend the reasoning from
 
 Cooper
 
 and
 
 Chapman,
 
 both of which involved a single homicide, to the instant case where a single serious injury occurred. In support of this analysis, he cites
 
 Kelly v. State,
 
 987 So.2d 1237, 1239-40 (Fla. 2d DCA 2008) (holding that it was a double jeopardy
 
 *560
 
 violation to convict and sentence for both DUI with serious bodily injury and driving without a valid license with serious bodily injury based on an injury to a single victim).
 

 The logic applied in
 
 Cooper, Chapman,
 
 and
 
 Houser
 
 is simply that while “[DUI] manslaughter and vehicular homicide [are] two separate crimes and ... neither [is] a lesser included offense of the other.... ‘Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes.’ ”
 
 State v. Chapman,
 
 625 So.2d 838, 839 (Fla.1993) (quoting
 
 Houser,
 
 474 So.2d at 1197). Thus, the Florida Supreme Court concluded that the legislative intent is clear that there should not be multiple convictions and punishments for DWI manslaughter and vehicular homicide where only a single death is involved because both crimes fall “squarely within the scope of this state’s regulation of homicide.”
 
 Houser,
 
 474 So.2d at 1196.
 

 However, the two statutes at issue in the instant ease are not homicide statutes. One involves the regulation of driving on public roads and the other regulates licenses to drive. Section 316.192(3)(c)2. applies to reckless driving that causes serious bodily injury. Section 322.34(6)(b) involves driving without a valid driver’s license that causes death or serious bodily injury. As the First District Court explained in
 
 McKinney:
 

 Unlike DUI manslaughter and vehicular homicide, fleeing or eluding can be committed without causing a death. Thus, fleeing or eluding is not a homicide offense. The alternative element of “serious bodily injury” contained in section 316.1935(3)(b) distinguishes fleeing or eluding from ... DWI manslaughter, which the supreme court held in
 
 Houser
 
 to be a homicide offense rather than an enhancement to the penalty for DWI because death was an element of the offense. The fact that Appellant’s conviction for fleeing or eluding was based upon a death, rather than serious bodily injury, is irrelevant to the double jeopardy analysis.
 
 See
 
 § 775.021(4)(a), Fla. Stat. (2008) (explaining that the comparison of the elements of the offenses is to be made “without regard to the accusatory pleading or the proof adduced at trial”).
 

 51 So.3d at 648. Therefore, we do not believe that the analysis of
 
 Cooper, Chapman,
 
 or
 
 Houser
 
 applies here.
 

 Moreover, if the legislative intent is clear from the statute or from application of the
 
 Blockburger
 
 test codified in section 775.021(4) to punish for each offense, it does not matter that the offenses stem from the same wrongful conduct.
 
 M.P. v. State,
 
 682 So.2d 79, 82 (Fla.1996) (“We also note that it makes no difference that the offenses at issue stemmed from the same conduct by M.P. The Supreme Court specifically overruled the
 
 Grady v. Corbin,
 
 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), ‘same-conduct’ test as being ‘wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.’
 
 United States v. Dixon,
 
 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993).”).
 
 [7]
 

 In
 
 Dixon,
 
 the Court was concerned with an adjudication of criminal contempt based on violation of a civil protection order that the defendant not “molest, assault, or in any manner threaten or physically abuse”
 
 *561
 
 his estranged wife. He was held in criminal contempt for violating that order when he threw his estranged wife down a flight of stairs, kicked her body, and caused injuries to her head. He was sentenced to 600 days’ imprisonment. The Government subsequently brought charges against the defendant for assault with intent to kill for the same conduct of throwing his estranged wife down the stairs and causing injury to her. The defendant objected, claiming a double jeopardy violation. The Court held, “Applying the
 
 Blockburger
 
 elements test, the result is clear: These crimes were different offenses, and the subsequent prosecution did not violate the Double Jeopardy Clause.” 509 U.S. at 701-02, 113 S.Ct. 2849. Like
 
 Dixon,
 
 we do not think that double jeopardy is violated when a defendant violates the two statutes at issue here causing an injury to the same victim because each is a different offense with different elements.
 

 We conclude that there is no clear statement of legislative intent in the two statutes at issue to either authorize or prohibit separate convictions and punishments based on a single injury to the same victim. Therefore, the
 
 Blockburger
 
 analysis under section 775.021(4) must be utilized, and under that analysis, there is no double jeopardy violation here. Hence the fact that each offense in the instant case may stem from the conduct of wrongfully injuring the same victim does not preclude the court from convicting and sentencing the defendant for each offense. Therefore, all convictions and sentences are affirmed.
 

 AFFIRMED.
 

 ORFINGER, C.J., and JACOBUS, J., concur.
 

 [1]
 

 . § 322.34(6)(b), Fla. Stat. (2009).
 

 [2]
 

 . § 316.192(3)(c)2., Fla. Stat. (2009).
 

 [3]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
 

 [4]
 

 .
 
 See Valdes,
 
 3 So.3d at 1070.
 

 [5]
 

 . Section 775.021(4) was originally enacted in 1976 to replace “the common law 'single transaction rule,’ which limited a conviction to only the most serious offense arising from a single criminal transaction....”
 
 Kelso v. State,
 
 961 So.2d 277, 279 (Fla.2007). The statute was amended in 1983 to include the last sentence, "For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” Ch. 83-156, § 1, at 556, Laws of Fla. This sentence was added in an effort to expressly incorporate the
 
 Blockburger
 
 same-elements test.
 
 Kelso,
 
 961 So.2d at 280. Subsequent amendments renumbered section 775.021(4) to 775.02 l(4)(a) and added section 775.021(4)(b) to emphasize preference for the
 
 Blockburger
 
 test over the rule of lenity with three exceptions.
 
 Id.
 
 at 281.
 

 [6]
 

 . Reckless driving under section 316.192(3)(c)2. cannot be a necessarily lesser included offense of driving with a revoked or suspended license under section 322.34(6)(b) because reckless driving involves an element of intentional misconduct while careless or negligent driving under section 322.34(6)(b) does not.
 
 See Lewek v. State,
 
 702 So.2d 527, 529 (Fla. 4th DCA 1997) ("Driving recklessly means driving with a willful or wanton disregard for safety.
 
 See State v. May,
 
 670 So.2d 1002 (Fla. 2d DCA 1996). 'Willful' means ‘intentional, knowing, and purposeful,’ and ‘wanton’ means with a ‘conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.’
 
 W.E.B. v. State,
 
 553 So.2d 323, 326 (Fla. 1st DCA 1989) (quoting Fla. Std. Jury. Instr. (Misd.) (reckless driving))."). A violation of section 322.34(6)(b) cannot be a necessarily lesser included offense of reckless driving under section 316.192(3)(c)2. because a suspended or revoked license is not an element of reckless driving.
 
 See C.D. v. State,
 
 356 So.2d 1249, 1249 (Fla. 3d DCA 1978) ("[C]areless driving is not a lesser included offense of reckless driving ....”) (footnote omitted)).
 

 [7]
 

 . In
 
 Gaber v. State,
 
 684 So.2d 189 (Fla.1996), citing to
 
 Dixon,
 
 the court held that a defendant may be convicted and punished separately for armed burglary and grand theft of a firearm when the charges stem from the singular act of taking a firearm from within a dwelling.