NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELIZABETH FRANCIS MARSH, a/k/a    )
ELIZABETH FRANCES MARSH,          )
                                  )
          Appellant,              )
                                  )
v.                                )          Case No.  2D16-3542
                                  )
STATE OF FLORIDA,                 )
                                  )
          Appellee.               )
_____)

Opinion filed April 6, 2018.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance and J. Kevin
Abdoney, Judges.

Michael Ufferman of Michael Ufferman Law
Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

          Elizabeth Marsh rear-ended another vehicle while under the influence of

illegal substances causing serious bodily injury to two of its passengers.  As to each

passenger she was convicted of driving under the influence (DUI) with serious bodily

injury and driving while license suspended (DWLS) with serious bodily injury.  We

conclude that the dual convictions as to each victim based on the serious bodily injury arising from one act violate the constitutional prohibition against double jeopardy. We therefore affirm the convictions for DUI causing serious bodily injury but reverse the convictions for DWLS causing serious bodily injury and remand with directions to enter convictions for two counts of DWLS.

Marsh entered an open, no contest plea to the above third-degree felony charges and to the second-degree misdemeanor charge of failure to carry adequate liability insurance. The trial court imposed consecutive five-year sentences for each felony count and sentenced Marsh to time-served for the misdemeanor count. Marsh raises two issues on appeal. First, she argues that the trial court erred by failing to award her sufficient jail credit. We find no merit in this argument and reject it without further comment. It is Marsh's second argument concerning double jeopardy that warrants discussion.

Preliminarily, we note that Marsh did not waive a double jeopardy challenge by entering a plea because the plea was a general plea, as opposed to a plea bargain. See Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). On the merits, this case is controlled by our decision in Kelly v. State, 987 So. 2d 1237, 1238 (Fla. 2d DCA 2008), in which this court addressed a double jeopardy challenge to dual convictions for DUI with serious bodily injury and driving without a valid license with serious bodily injury, both convictions being based on the same injury.

In Kelly, the defendant argued that the convictions were impermissible because they punished the defendant twice for causing injury to a single victim by one act. Id. This court agreed based on the longstanding double jeopardy principle applied

in State v. Cooper, 634 So. 2d 1074 (Fla. 1994), and State v. Chapman, 625 So. 2d 838 (Fla. 1993), precluding dual convictions for the single death of a victim that occurred as a result of one act of operating a vehicle while under the influence. Kelly, 987 So. 2d at 1238-39. This court noted that this principle had been applied in Cooper to determine that convictions for both DUI manslaughter and DWLS causing death were impermissible. Kelly, 987 So. 2d at 1238 (citing Cooper, 634 So. 2d at 1075).

This court found the Kelly defendant's dual convictions for DUI causing serious bodily injury and driving without a valid license causing serious bodily injury were analogous to those in Cooper in that they imposed two penalties for causing serious injury to a single victim by one act of operating a vehicle while under the influence. Id. at 1239. Thus, the dual convictions violated the defendant's double jeopardy rights. Id.

In this case, the defendant was convicted of DUI causing serious bodily injury and DWLS causing serious bodily injury. As in Kelly, her convictions were enhanced for causing serious injury to a victim as the result of the defendant's single act of operating her vehicle. Thus, Marsh's convictions for both offenses for each victim violate the constitutional prohibition against double jeopardy.

The State asserts that Kelly was erroneously decided because it improperly extended the rule precluding dual punishment for a single homicide to dual punishment for a single injury. In support of its argument, the State relies on the Fifth District's decision in Lott v. State, 74 So. 3d 556, 559-60 (Fla. 5th DCA 2011), in which the court determined that convictions for both reckless driving and DWLS that were

- 3 -

enhanced for causing serious bodily injury to the same victim did not place the defendant in double jeopardy.

In so doing, the Fifth District rejected the defendant's argument that dual convictions were impermissible under Cooper and Chapman as interpreted in Kelly because they imposed dual penalties for causing serious bodily injury to only one victim during a single act. Lott, 74 So. 3d at 559-60. The court found no legal support "to extend the reasoning from Cooper and Chapman, both of which involved a single homicide, to the instant case where a single serious injury occurred." Lott, 74 So. 3d at 559.

We remain unconvinced that Kelly was wrongly decided. The rule set forth in Cooper and Chapman is referred to as the "single homicide rule." See McCullough v. State, 230 So. 3d 586 (Fla. 2d DCA 2017). The rule, which is based on the premise "that the legislature did not intend to punish a single homicide under two different statutes," applies even in circumstances where the double jeopardy analysis set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), may not grant relief. McCullough, 230 So. 3d at 591 (quoting Houser v. State, 474 So. 2d 1193, 1197 (Fla. 1985)).

The single homicide rule was first adopted by the supreme court in Houser to preclude dual convictions for DWI manslaughter and vehicular homicide based on a single death. Id. The Houser court recognized that the two crimes passed muster under Blockburger, but it explained that "Blockburger and its statutory equivalent in section 775.024(1), Fla. Stat. (1983), are only tools of statutory interpretation which cannot contravene the contrary intent of the legislature." Houser, 474 So. 2d at 1196.

- 4 -

Because "Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes," these dual convictions were impermissible regardless of whether the offenses satisfy the Blockburger test. Id. at 1197.

The single homicide rule "is based on notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a singular killing." Gordon v. State, 780 So. 2d 17, 25 (Fla. 2001), receded from on other grounds by Valdes v. State, 3 So. 3d 1067 (Fla. 2009). "[P]hysical injury and physical injury causing death, merge into one and it is rationally defensible to conclude that the legislature did not intend to impose cumulative punishments." Id. (quoting Carawan v. State, 515 So. 2d 161, 173 (Fla. 1987) (Shaw, J., dissenting)). Although there was no death in Gordon, the supreme court determined that "the logical extension of" the single homicide rule precludes dual convictions based on a single attempted homicide. Id.

In Kelly, this court applied the same principle to preclude enhancements to dual convictions for single acts of operating a vehicle that cause serious bodily injury to another. The "notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a singular killing," Gordon, 780 So. 2d at 25, and a singular attempted killing, see id., apply with equal force to multiple punishments for a singular serious bodily injury committed during a single act.

This principle is reinforced by a comparison of the facts of Cooper with those in this case. In Cooper, the supreme court applied the single homicide rule to hold that dual convictions for DUI manslaughter and DWLS causing death violate double jeopardy when there is only a single death. 634 So. 2d at 1075. The defendant

had rear-ended a vehicle while driving under the influence, and the crash had caused the death of its passenger. Cooper v. State, 621 So. 2d 729, 730 (Fla. 5th DCA 1993), approved, 634 So. 2d 1074 (Fla. 1994). The supreme court determined that the defendant could be convicted of both DUI manslaughter and DWLS as long as the latter charge was not enhanced for causing death as provided in section 322.34(3), Florida Statutes (1991). Cooper, 634 So. 2d at 1075.

In this case, Marsh was convicted of DUI with serious bodily injury and DWLS causing serious bodily injury for rear-ending a vehicle while driving under the influence and causing serious bodily injury to two of its passengers. Marsh's convictions for DWLS causing serious bodily injury were actually enhanced by a later version of the same enhancement statute in Cooper. See § 322.34(6), Fla. Stat. (2014). Both versions provide for enhancement when the defendant "causes the death of or serious bodily injury to another." § 322.34(3), Fla. Stat. (1991) (emphasis added); § 322.34(6), Fla. Stat. (2014) (emphasis added).

The fact that Marsh did not kill the victims in the vehicle she rear-ended does not distinguish this case from Cooper in any meaningful way. If enhancement of the Cooper defendant's charge for DWLS was improperly cumulative, then enhancement of Marsh's charge for DWLS was likewise improperly cumulative. Thus, the Kelly court properly relied upon Cooper and Chapman to conclude that convictions for DUI causing serious bodily injury and driving without a valid license causing serious bodily injury to the same victim placed the defendant in double jeopardy.

In conclusion, we reject the State's assertion that Kelly improperly extended the rule precluding dual punishment for a single homicide to precluding dual

- 6 -

punishment for a single injury.  And for the reasons set forth in <u>Kelly</u>, Marsh's dual enhancements for causing serious bodily injury for each victim violate the constitutional prohibition against double jeopardy.  Thus, we affirm Marsh's convictions for two counts of DUI causing serious bodily injury but reverse the convictions for two counts of DWLS causing serious bodily injury and remand with directions to enter convictions for two counts of DWLS.

Affirmed in part, reversed in part, and remanded with directions.

CRENSHAW and MORRIS, JJ., Concur.