[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16490
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01105-BJD-MCR


BENJAMIN NEILL LAWSON,

                                                          Petitioner-Appellant,

                              versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                          Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 26, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Benjamin Neill Lawson, a Florida prisoner serving a 20-year total sentence for driving under the influence of alcohol ("DUI") and causing the death of one person and serious injury to another person, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Lawson argues that his second counsel in his criminal case was constitutionally ineffective by inducing him to reject the state's plea offer.  After careful review, we affirm because Lawson has not shown that the state court's decision denying his ineffective counsel claim was an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented at the evidentiary hearing in state court.

## I.    UNDERLYING CRIMINAL ACTION

### A.    2005 Charges

On August 20, 2005, Lawson, then aged 22, was driving at 118 or 119 mph, with an unlawful blood alcohol level of .19 percent, when he lost control of his car and crashed into a guardrail.  One of his passengers, Nicholas Jeffries, died, and another passenger, Rebecca Snoddy, was seriously injured.

Subsequently, a criminal information charged Lawson with two offenses under Florida law: (1) DUI resulting in the death of another person (passenger Jeffries), termed "DUI manslaughter" (Count 1); and (2) DUI resulting in serious bodily injury to another person (passenger Snoddy), termed "DUI with serious

2

bodily injury" (Count 2).  Count 1, a second degree felony, carried a statutory maximum sentence of 15 years.  Fla. Stat. §§ 316.193(3)(3)(a), 775.082(3)(d).  Count 2, a third degree felony, carried a statutory maximum sentence of 5 years.  Fla. Stat. §§ 316.193(3)(2), 775.082(3)(e).

## B.     First Attorney and Plea Offer in 2005-2006

On October 19, 2005, attorney Robert Shafer appeared on Lawson's behalf and entered a written plea of not guilty.  At some point thereafter, the government offered Lawson a plea agreement with a sentencing range of 5–15 years.  In a jail telephone conversation with his mother, Lawson stated that attorney Shafer told him he faced up to 20 years in prison if convicted of Counts 1 and 2.  This was accurate because Lawson could be sentenced to 20 years if he received the maximum sentence for both charges and the sentences were consecutive.  Shafer recommended Lawson accept the plea offer.

## C.     Second Attorney and March 28, 2006 Hearing

At a hearing on March 28, 2006, at which attorney Shafer was present, Lawson rejected the government's plea offer.  At the hearing, the state then revoked its plea offer and made clear that "[t]here [would] be no further offers from the State."

At the same hearing, Lawson agreed that he wanted to be represented by a new attorney, Scott Salomon.

3

Lawson also filed a written Rejection of Plea Agreement, dated March 27, 2006.  In the Rejection of Plea Agreement, Lawson acknowledged that his "prior counsel" (Shafer) had negotiated a plea bargain with a 5–15 year sentencing range. Lawson stated that his "former attorney" (Shafer) recommended that he accept the offer, and further advised that if Lawson rejected the offer he could receive a greater punishment than was offered by the prosecution.  Lawson also stated that his "attorney" (Salomon) advised that the maximum punishment was set by statute and could exceed the punishment provided by the plea offer.

## D.    Additional 2007 Charges, Trial, and Convictions

About a year later, in March 2007, the government brought two additional charges against Lawson: (3) vehicular homicide of passenger Jeffries (Count 3); and (4) reckless driving causing serious bodily injury to passenger Snoddy (Count 4).  Vehicular homicide in Count 3, like DUI manslaughter of the same passenger in Count 1, was a second degree felony with a statutory maximum sentence of 15 years.  Fla. Stat. §§ 782.071(1)(a),  775.082(3)(d).  Reckless driving causing serious bodily injury in Count 4, like DUI with serious bodily injury to the same passenger in Count 2, was a third degree felony with a statutory maximum sentence of 5 years.  Fla. Stat. §§ 316.192(3)(2), 775.082(3)(e).  Unlike the DUI charges in Counts 1 and 2, the non-DUI charges in Counts 3 and 4 were based on Lawson's excessive speed and not his intoxication.

4

In June 2007, the case proceeded to trial. A jury convicted Lawson of all four counts. The state trial court sentenced Lawson to the maximum 15 years as to Count 1 and the maximum 5 years as to Count 2, to be served consecutively, for a total of 20 years. The state trial court did not impose a sentence on Lawson for Counts 3 and 4, based on double jeopardy principles. See Houser v. State, 474 So. 2d 1193, 1197 (Fla. 1985) (holding that an offender may not be punished for both DUI manslaughter and vehicular homicide for the same death); Kelly v. State, 987 So. 2d 1237, 1239 (Fla. Dist. Ct. App. 2008) (holding that an offender could not be punished for both DUI with serious bodily injury and driving without a valid license with serious bodily injury based on injury to the same person).

On December 22, 2008, the Florida appellate court affirmed Lawson's convictions and sentence without an opinion.

## II.    STATE POST-CONVICTION PROCEEDINGS

In February 2009, Lawson, now proceeding with a third set of attorneys, moved for post-conviction relief in state court, pursuant to Florida Rule of Criminal Procedure 3.850. Lawson argued that Scott Salomon, his second attorney, was constitutionally ineffective for advising him to reject the government's plea offer. In particular, Lawson asserted that (1) Salomon falsely assured Lawson and his family that Lawson would be acquitted, and (2) Salomon

failed to warn Lawson that the state would file the two charges in Counts 3 and 4 if Lawson went to trial.

A state post-conviction court held a two-day evidentiary hearing on Lawson's Rule 3.850 motion. At the hearing, Salomon and Shafer, Lawson's two prior attorneys, testified, as did three members of Lawson's family. Lawson himself did not testify. Lawson also submitted (1) evidence relating to disciplinary and criminal proceedings against attorney Salomon, and (2) transcripts of telephone conversations Lawson had with friends and family while he was in jail awaiting trial.

After the hearing, the state post-conviction court issued a written opinion denying Lawson's Rule 3.850 motion. The state post-conviction court made fact-findings that were pivotal to its denial of Lawson's Rule 3.850 motion on the merits.

The state post-conviction court found that (1) after the first plea offer was rejected, the state never made another plea offer that Salomon could have conveyed to Lawson, (2) the prosecution informed Lawson at the March 28, 2006 plea hearing—when Lawson rejected the plea offer—that the offer was revoked and no further offer would be forthcoming, (3) Lawson stated in a jail telephone conversation with his mother that Shafer told him he faced 20 years at trial, and

6

(4) Lawson did not prove that Salomon guaranteed an acquittal if Lawson went to trial.

The state post-conviction court credited attorney Salomon's testimony that when he communicated directly with Lawson, Salomon said only that he would take the case to trial, if that was Lawson's desire. In addition, Salomon testified that Virginia Bergeron, Lawson's mother, told Salomon she did not want Lawson to go to prison without a trial. Ms. Bergeron testified to the contrary, but the state court found Salomon's testimony "more persuasive than the evidence provided by the Defendant."

As to the two additional charges, the state post-conviction court did not make a factual finding as to whether or not Salomon failed to warn Lawson about the possibility of the state's adding two charges. Even assuming deficient performance, the state court determined the two new charges did not prejudice Lawson. As to prejudice, the state post-conviction court first reasoned that the manslaughter charge in Count 1 and the DUI charge in Count 2 already carried a total sentence of 20 years, and the addition of the two charges in Counts 3 and 4 could not have increased Lawson's maximum sentence of 20 years without violating double jeopardy. Thus, even assuming attorney Salomon may have misadvised Lawson by not warning him about the two possible charges in Counts 3

and 4, that misadvice did not prejudice Lawson, because Lawson already knew about the maximum prison sentence he faced by going to trial.

In addition, again assuming Salomon did not warn Lawson about the potential new charges, the state post-conviction court also found that Lawson failed to prove that he would have accepted the state's plea offer but for counsel's errors.

The Florida appellate court affirmed the denial of Lawson's Rule 3.850 motion without an opinion.

### III.    FEDERAL HABEAS PROCEEDINGS

In 2013, Lawson, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  On September 8, 2016, the district court denied Lawson's § 2254 petition.  The district court construed Lawson's § 2254 petition as asserting two grounds for relief: first, that Salomon induced him to reject a plea offer by guaranteeing acquittal on the DUI charges in Counts 1 and 2 ("Ground One"); and second, that Salomon was ineffective for not advising Lawson that the state would charge him with the two additional charges, for which there were no defenses, if he rejected the plea agreement ("Ground Two").

---

[1]After Lawson filed his § 2254 petition but before the district court ruled on it, Lawson retained counsel and was granted oral argument.  Counsel also filed a supplemental memorandum in support of the § 2254 petition.

As to Ground One, the district court reviewed the state post-conviction court's findings and concluded that they were neither an unreasonable application of controlling law nor an unreasonable determination of the facts. The district court acknowledged there were reasons to doubt attorney Salomon's truthfulness, but noted that the state post-conviction court made an informed credibility determination, stating:

> The circuit court judge had a full opportunity to assess Mr. Salomon's credibility during the evidentiary hearing and was fully aware that Mr. Salomon had been disbarred, indicted in federal court, and convicted of fraud in state court. [ . . . . ] Notwithstanding these reasons to doubt his credibility, the post-conviction court accepted Mr. Salomon's testimony over the testimony of Petitioner's witnesses and the sworn allegations in Petitioner's Rule 3.850 motion.

The district court concluded that Lawson did not demonstrate the state post-conviction court unreasonably relied on Salomon's testimony to find that Salomon never promised an acquittal to Lawson.

As to Ground Two, regarding the two new charges, the district court did not defer to the state post-conviction court's prejudice analysis as to the 20-year sentence. Rather, the district court first concluded Lawson had not shown he did not know about the two other possible charges. In that regard, the district court noted that (1) Lawson could have testified at the Rule 3.850 hearing as to his ignorance of the possible two new charges, but Lawson did not, and (2) Shafer

testified at the evidentiary hearing, and Lawson could have questioned Shafer directly about whether Shafer warned him of those potential charges, but Lawson did not. As a result, the district court found, "the record is . . . void of any evidence that Petitioner [Lawson] <u>did not</u> know that the state would likely add the indefensible non-DUI charges, despite his burden to establish that fact." The district court found that in the absence of this evidence, the Florida appellate court could have reasonably concluded that Lawson had failed to carry his post-conviction burden as to his ineffective counsel claim regarding the two new charges.

Likewise, the district court noted, among other things, that Lawson had never testified in state court that he would have accepted the plea offer if counsel had advised him that the state would likely add the two new charges based on his speed at the time of the accident. Thus, the state appellate court could have reasonably concluded that Lawson failed to establish a reasonable probability that he would have entered a plea but for counsel's deficient performance.

The district court accordingly denied Lawson's § 2254 petition and denied a certificate of appealability ("COA"). Lawson appealed. This Court granted a COA on two issues: (1) whether Salomon was ineffective for advising Lawson to reject the plea offer by making false promises and assurances; and (2) whether

10

Salomon was ineffective for failing to advise Lawson that the prosecution would add the two new charges in Count 3 and 4 if he rejected the plea offer.

## IV.    STANDARD OF REVIEW

We apply a mixed standard of review to the district court's denial of a habeas petition filed under 28 U.S.C. § 2254.  Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).   We review questions of law and mixed questions of law and fact de novo, and we review findings of fact for clear error.  Id.  A factual finding is clearly erroneous only if we are "left with the definite and firm conviction that a mistake has been committed."  United States v. Mullens, 65 F.3d 1560, 1563 (11th Cir. 1995) (quotation marks omitted).  We review de novo a claim of ineffective assistance of counsel.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010).

However, like the district court, we are limited in our review of ineffective counsel claims decided on the merits by state courts.  Specifically, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 prohibits federal courts from granting habeas relief on a claim previously adjudicated on the merits in state court, unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

11

law as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

## V.    INEFFECTIVE ASSISTANCE OF COUNSEL

A habeas petitioner alleging ineffective assistance of counsel must show that (1) his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness and was outside the wide range of professionally competent assistance, and that (2) but for the deficient performance, there is a "reasonable probability that the result of the proceeding would have been different." Johnson v. DOC, 643 F.3d 907, 928-29 (11th Cir. 2011) (citing and quoting Strickland v. Washington, 466 U.S. 668, 688, 690, 694, 104 S. Ct. 2052, 2064, 2066, 2068 (1984)).   A habeas petitioner must meet both prongs in order to demonstrate ineffective assistance of counsel.  Bishop v. Warden, GDCP, 726 F.3d 1243, 1254 (11th Cir. 2013).

Here, the state post-conviction court denied Lawson's Rule 3.850 motion in 2011.  At that time, the Florida courts, applying Strickland principles, required that a defendant who raises an ineffective counsel claim as to a rejected plea offer must prove that: (1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced; (2) the defendant would have accepted

12

the plea but for counsel's failures; and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed.  See, e.g., Morgan v. State, 991 So. 2d 835, 839-40 (Fla. 2008) (discussing Strickland); see also Lafler v. Cooper, 566 U.S. 156, 164, 132 S. Ct. 1376, 1385 (2012).[2]

## VII.   ANALYSIS

### A.   Ground One – False Promises of Acquittal

Lawson claims he was induced to reject the plea offer by Salomon's false assurance of an acquittal, and thus no sentence at all.  The record reasonably supports the state court's fact finding that Salomon never made that assurance.

At the Rule 3.850 hearing Salomon testified that he never promised Lawson or any member of his family that Lawson would be acquitted, nor did he give Lawson any recommendation on what the outcome at trial might be.  Salomon's testimony is contradicted by Lawson's Rule 3.850 motion and testimony from Lawson's family, the state post-conviction court credited Salomon, finding him "more persuasive than the evidence provided by" Lawson.

We therefore agree with the district court that the state post-conviction court did not unreasonably determine that Lawson had not shown his counsel rendered

---

[2]Subsequently, the United States Supreme Court added an element that requires that the defendant show the state trial court would have accepted the plea agreement.  Lafler v. Cooper, 566 U.S. 156, 164, 132 S. Ct. 1376, 1385 (2012).  However, because that showing was not required when Lawson brought his Rule 3.850 motion, the state post-conviction court in Florida never addressed it, and we do not address it here.

ineffective assistance as to the state's plea offer.  See Lafler, 566 U.S. at 164, 132 S. Ct. at 1385.

**B.      Ground Two – Failure to Advise about the New Charges**

Lawson also claims he was prejudiced by Salomon's failure to warn him that the state would likely file the two new charges if he pled not guilty.  The state post-conviction court did not make a factual finding as to whether Salomon did or did not warn Lawson about the new charges.  Instead, the state court denied the claim for two reasons: (1) that Salomon's failure to warn, if any, was immaterial because the new charges in Counts 3 and 4 did not increase Lawson's sentencing exposure beyond the 20 years he faced for Counts 1 and 2; and (2) that even assuming Salomon failed to warn Lawson, Lawson did not prove he would have accepted the plea offer but for counsel's errors.

We agree with the district court that the state court "improperly focused on the fact that the addition of counts three and four did not affect Petitioner's sentencing exposure."  The district court properly concluded that even if the two new charges did not increase Lawson's maximum sentence due to double jeopardy principles, Lawson's claim was that the two potential charges would have affected whether he would have accepted the state's plea offer of 5 to 15 years on the two existing charges in Counts 1 and 2.

14

Nonetheless, the state court's merits decision—that Lawson did not prove that he would have accepted the plea but for counsel's errors—was supported by evidence and was not an unreasonable determination. For example, at the evidentiary hearing, attorney Shafer testified that he was aware the state might file the two new charges if Lawson went to trial, and that he took that into consideration when he negotiated the plea and advised Lawson to take the plea. Yet Lawson still rejected the plea. As the district court emphasized, while some jail telephone conversations with his mother indicate Lawson was willing to enter a plea, other conversations indicate that Lawson and his mother were not satisfied with the terms of the plea and wanted to proceed to trial before agreeing to a prison term. Further, in a call with a friend, Lawson said that "[a] lot of people" were not happy about the plea offer of 5 to 15 years. And, as the district court also pointed out, Lawson himself "never testified about whether he would have pleaded guilty but for the advice of counsel."

Because the evidence reasonably supports the determination that Lawson did not prove he would have accepted the guilty plea but for counsel's errors, there was a reasonable basis for the state court to deny relief on Ground Two.

## VI.    CONCLUSION

Based on the foregoing reasons, we conclude that the district court did not err in denying Lawson's 28 U.S.C. § 2254 habeas petition. We therefore affirm.

15

**AFFIRMED.**