NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LORENZO A. MARTINEZ,        )
                         )
      Appellant,         )
                         )
v.                      )      Case No. 2D17-2888
                         )
STATE OF FLORIDA,        )
                         )
      Appellee.         )
_____)

Opinion filed July 13, 2018.

Appeal from the Circuit Court for Polk
County; William Sites, Judge.

Howard L. Dimmig, II, Public Defender and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, for Appellee.


PER CURIAM.

        Lorenzo Martinez appeals his judgment and sentences for: count one,

driving with a suspended license and causing death; count two, DUI manslaughter; and

count three, failure to remain at the scene of a crash involving death. We agree with

Mr. Martinez that his convictions for counts one and two violate Florida's "single

homicide rule." See McCullough v. State, 230 So. 3d 586, 589 (Fla. 2d DCA 2017) ("[The single homicide rule] provides that although a defendant can be charged and convicted under multiple criminal statutes for conduct causing another's death during one criminal episode, that criminal defendant can only be punished once for that death." (citing State v. Cooper, 634 So. 2d 1074, 1074-75 (Fla. 1994); Houser v. State, 474 So. 2d 1193, 1197 (Fla. 1985); Rodriguez v. State, 875 So. 2d 642, 645 (Fla. 2d DCA 2004))); see also Senteno v. State, 737 So. 2d 1120, 1120 (Fla. 2d DCA 1999) ("[A] defendant may not be convicted of both DUI manslaughter and driving while license suspended or revoked and causing death, with respect to the same victim.").

Therefore, we must reverse and remand with instructions for the trial court to vacate Mr. Martinez's conviction for the lesser, third-degree felony for driving with a suspended license and causing death. See McCullough, 230 So. 3d at 595-96; Senteno, 737 So. 2d at 1120. On remand, the trial court shall resentence Mr. Martinez on all remaining counts with a corrected scoresheet. See Senteno, 737 So. 2d at 1120. Mr. Martinez's remaining convictions are otherwise affirmed.

Affirmed in part, reversed in part, and remanded with instructions.

KELLY, VILLANTI, and LUCAS, JJ., Concur.