634 So.2d 1074 (1994)
STATE of Florida, Petitioner,
v.
Harold COOPER, Respondent.
No. 82034.
Supreme Court of Florida.
April 7, 1994.
Robert A. Butterworth, Atty. Gen. and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for petitioner.
Richard G. Canina of the Law Firm of Mitchell & Canina, P.A., Melbourne, for respondent.
McDONALD, Justice.
We review Cooper v. State, 621 So.2d 729, 732 (Fla. 5th DCA 1993), because the district court certified the following question to be of great public importance:
WHETHER A DEFENDANT CAN BE CONVICTED AND SENTENCED FOR BOTH THE OFFENSE OF DUI MANSLAUGHTER AND THE OFFENSE OF DRIVING WHILE LICENSE SUSPENDED AND CARELESSLY OR NEGLIGENTLY CAUSING THE DEATH OF ANOTHER HUMAN BEING WHERE THERE IS ONLY A SINGLE DEATH.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court properly ruled that there can be but one penalty imposed for causing the death of a single victim. State v. Chapman, 625 So.2d 838 (Fla. 1993); Houser v. State, 474 So.2d 1193 (Fla. 1985). It is entirely appropriate to convict a person *1075 of both DUI manslaughter and driving while license is suspended, but it is inappropriate to enhance the degree of both crimes by using a single homicide. Cooper was convicted of violating subsection 316.193(3)(c)(3), Florida Statutes (1991), a second-degree felony. He may also be convicted of violating subsection 322.34(1) or (2), Florida Statutes (1991), but not subsection 322.34(3) because he has already been punished for the death by the DUI manslaughter conviction.
We adopt the rationale and approve the decision of the district court of appeal.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.