688 So.2d 999 (1997)
Deran MOSELY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-03677, 96-01371.
District Court of Appeal of Florida, Second District.
February 28, 1997.
James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Deran Mosely appeals his original burglary sentence and the order of revocation of community control from that charge. We affirm the judgment and sentence and the order of revocation but remand for corrections to the judgment and the order of restitution and costs.
Mosely asserts that the information charged him with burglary as a second-degree felony but the burglary was incorrectly scored and listed in the judgment as a first-degree felony. The state concedes that the information contains a scrivener's error regarding the correct subsection of the statute. An erroneous reference to the statute in the *1000 information is not fatal to conviction if the information properly pleads the necessary elements of the offense. B.H. v. State, 645 So.2d 987 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2559, 132 L.Ed.2d 812 (1995); Danzy v. State, 603 So.2d 1320 (Fla. 1st DCA 1992). See also Janes v. State, 585 So.2d 424 (Fla. 1st DCA 1991). Here, the information references a violation of section 810.02(3), Florida Statutes (1993), rather than section 810.02(2)(a). The state correctly points out, however, that the other language in the information alleges all the necessary elements of section 810.02(2)(a), which is a first-degree felony punishable by life. Because the information recited the appropriate factual description of a violation of section 810.02(2)(a), we treat the citation to the incorrect statute as a scrivener's error and remand this case for correction of the judgment to indicate a conviction under section 810.02(2)(a).
Mosely next argues that the judgment in the revocation of probation case incorrectly reflects a restitution amount of $974. The state concedes that the trial court did not intend to impose the $974 as restitution alone. The transcript of the sentencing hearing in the revocation case indicates that the state represented to the trial court that the total amount of costs and restitution is $974, only $580 of that amount was in restitution. The court then stated, "I am going to require you to pay those monetaries of $974 within five years of your release." It appears that the trial court intended to impose the same costs and $580 of restitution, totaling $974, that the trial court imposed at the original sentencing. We remand the order of restitution and costs in the revocation case and direct the trial court to correct the cost order to reflect the same costs and restitution amounts indicated in the order in the original case. Mosely does not need to be present for the trial court's corrections to the court records.
We affirm the judgment and sentence and remand for correction of the judgment and cost order.
FULMER and NORTHCUTT, JJ., concur.