STRINGER, Judge.
Raymond McKay appeals the postcon-viction court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court’s denial of claims two and three, without comment, and reverse the postconviction court’s denial of claim one.
In claim one of his rule 3.850 motion, McKay alleged his convictions for both third-degree murder and vehicular homicide violated double jeopardy because he caused a single death. The postconviction court denied this claim finding that the offenses did not violate double jeopardy because vehicular homicide and third-degree murder each contained elements that the other offense did not. Although it is true that vehicular homicide and third-degree murder require different elements of proof, the postconviction court’s finding was incorrect. See Rodriguez v. State, 875 So.2d 642 (Fla. 2d DCA 2004) (holding only one homicide conviction and sentence may be imposed for a single death).
In response to this court’s order, the State argued McKay was not entitled to relief because his sentences were the result of a negotiated plea agreement. See Novaton v. State, 634 So.2d 607 (Fla.1994) (holding a defendant’s acceptance of sentencing pursuant to a bargained for plea agreement waives any double jeopardy violations). While the State is correct, see Richardson v. State, 885 So.2d 999 (Fla. 3d DCA 2004), there is nothing in the record demonstrating McKay’s plea was the result of a negotiated agreement. Therefore, we reverse the order of the postcon-viction court and remand for either' an evidentiary hearing or attachment of those portions of the record conclusively refuting this claim.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.