PER CURIAM.
 

 Mark David Ivey (“the defendant”) appeals his conviction and sentence for vehicular homicide, DUI manslaughter, and leaving the scene of a fatal accident. We reverse in part, and affirm in part.
 

 While on the interstate, the defendant struck a vehicle and continued driving. After the impact, the other vehicle hit a retaining wall, killing the driver. Florida Highway Patrol investigated, determined that the defendant was drunk, and arrested him.
 

 The State charged and tried the defendant on one count each of vehicular homicide, DUI manslaughter, and leaving the scene of a fatal accident. The jury returned a verdict of guilty to all charges. The trial court adjudicated the defendant on all three counts, but sentenced him only on the DUI manslaughter to 22 years in prison, followed by 5 years probation. The defendant appealed.
 

 On appeal, the defendant asserts that the constitutional prohibition against double jeopardy bars his conviction on all three counts based on a single death. On the other hand, the State contends that adjudicating the defendant on all three counts while sentencing him only on one
 
 *910
 
 does not violate the double jeopardy clause.
 

 Both the federal and Florida constitutions protect against being put in jeopardy for the same offense twice. U.S. Const, amend. V; Art. I, § 9, Fla. Const. The double jeopardy clause prohibits both being tried twice and receiving more than a single punishment for the same crime.
 
 Robinson v. State,
 
 901 So.2d 1027, 1028 (Fla. 4th DCA 2005). Thus, withholding the sentence on one of the two convictions does not ameliorate a double jeopardy violation.
 
 See Bolding v. State,
 
 28 So.3d 956 (Fla. 1st DCA 2010);
 
 Rodriguez v. State,
 
 875 So.2d 642 (Fla. 2d DCA 2004).
 

 There is no constitutional prohibition, however, against multiple punishments for different offenses arising from the same criminal episode where the Legislature authorizes separate punishments.
 
 Hayes v. State,
 
 803 So.2d 695, 699 (Fla.2001). Absent a clear statement of legislative intent to authorize separate punishments, Florida courts use the
 
 Blockburger
 
 test to determine when multiple convictions are prohibited.
 
 Blockburger v. U.S.,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932);
 
 Carawan v. State,
 
 515 So.2d 161, 165 (Fla.1987);
 
 Houser v. State,
 
 474 So.2d 1193, 1196 (Fla.1985).
 

 The Legislature codified the
 
 Blockbur-ger
 
 test in section 775.021(4), Florida Statutes (1983), and amended it in 1988, to add subsection (b) which states:
 

 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3.Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
 

 Here, the controversy centers on exception (b)2.
 

 The State contends that the Florida Supreme Court’s recent decision in
 
 Valdes v. State,
 
 3 So.3d 1067 (Fla.2009), makes exception (b)2 applicable only where the two crimes charged are found in the same statute. The defendant, on the other hand, asserts that
 
 Valdes
 
 did not invalidate longstanding precedent that a single death cannot give rise to two convictions. We agree with the defendant’s assertion.
 

 Prior to
 
 Valdes,
 
 it was well settled that dual
 
 homicide
 
 convictions arising from
 
 a single death
 
 violated double jeopardy.
 
 See Houser,
 
 474 So.2d at 1193;
 
 Rodriguez,
 
 875 So.2d at 642;
 
 Galiana v. State,
 
 868 So.2d 1218 (Fla. 3d DCA 2004). Factually,
 
 Houser
 
 is identical to this case in that it involved convictions for both DUI (then DWI) manslaughter and vehicular homicide for a single death, and the Court ruled that the defendant could not be punished for both. The Court reasoned that the Legislature never intended to punish
 
 a single death
 
 under two different criminal
 
 homicide
 
 statutes. 474 So.2d at 1196.
 

 In contrast,
 
 Valdes
 
 involved convictions for both shooting from a vehicle and shooting into an occupied vehicle arising from a singular shooting incident that did not result in death. Thus, the
 
 Valdes
 
 court did not determine the double jeopardy consequences of dual homicide convictions arising from a single death. Moreover, after the Legislature amended section 775.021(4), the Florida Supreme Court did not overrule
 
 Houser. State v. Chapman,
 
 625 So.2d 838, 839 (Fla.1993) (“Especially, we do not read the amendment as an overruling of
 
 Houser
 
 and its holding that a single death cannot support convictions of both DUI manslaughter and vehicular
 
 *911
 
 homicide.”). Therefore, we conclude that
 
 Valdes
 
 did not overrule the well-settled principle that a single death cannot give rise to dual homicide convictions.
 

 Turning to this case, the jury convicted the defendant of vehicular homicide, under section 782.071, Florida Statutes (2005), and DUI manslaughter, under section 316.193(3)(c)Sb, Florida Statutes (2005). Although the defendant’s criminal charges stem from two separate statutes, as stated in
 
 Houser
 
 and its progeny, we are convinced the Legislature did not intend to punish the single death here by two separate homicide convictions. Accordingly, the defendant’s convictions for both vehicular homicide and DUI manslaughter cannot stand as they violate double jeopardy.
 

 The jury also convicted the defendant of leaving the scene of a fatal accident under section 316.027(l)(b), Florida Statutes (2005). There is no double jeopardy prohibition against convictions for both DUI manslaughter and leaving the scene of a fatal accident.
 
 See Kelly v. State,
 
 987 So.2d 1237 (Fla. 2d DCA 2008). Here, however, the defendant’s DUI manslaughter conviction was enhanced from a second-degree felony to a first-degree felony because he left the scene of the fatal accident. Therefore, a separate conviction for leaving the scene of a fatal accident constitutes a double penalty, and violates double jeopardy.
 
 See Cleveland v. State,
 
 587 So.2d 1145 (Fla.1991).
 

 Accordingly, we vacate the convictions for vehicular homicide and leaving the scene of a fatal accident, and affirm the DUI manslaughter conviction and sentence.
 

 Affirmed in part, reversed in part.