WETHERELL, J.
Appellant contends that his convictions and sentences for third-degree murder and fleeing or attempting to elude a law enforcement officer causing death (hereafter “fleeing or eluding”) violate the constitutional protection against double jeopardy because, even though the offenses contain different elements, he is being punished twice for the death of a single victim. We affirm because we conclude that fleeing or eluding is not a homicide offense and, thus, double jeopardy does not bar Appellant’s convictions and sentences for both felony murder and the underlying felony of fleeing or eluding.
The evidence presented at trial established that, on January 12, 2009, Appellant approached a woman at a gas station with what appeared to be a gun and stole her van. Law enforcement officers pursued Appellant for a time with their lights and sirens activated and attempted to initiate a traffic stop. While being pursued, Appellant drove erratically in excess of the speed limit, eventually causing an accident with another vehicle. The driver of the other vehicle died as a result of the collision.
The state filed an information charging Appellant with vehicular homicide, third-degree murder,[1] fleeing or eluding,[2] and carjacking. The fleeing or eluding charge served as the underlying felony for Appellant’s third-degree murder charge.
The jury returned a verdict of guilty as charged on all counts. The trial court vacated Appellant’s vehicular homicide conviction on double jeopardy grounds and *647 sentenced Appellant for the other offenses. Appellant was sentenced as an habitual felony offender to 30 years in prison on the third-degree murder charge, with a concurrent 30-year term on the fleeing or eluding charge and a consecutive 20-year term on the carjacking charge.
“The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense.” Gordon v. State, 780 So.2d 17, 19 (Fla.2001). However, multiple convictions for an act or acts committed during the same criminal episode do not constitute double jeopardy if each offense contains an element that the other does not. See Valdes v. State, 3 So.3d 1067, 1070-71 (Fla.2009) (citing Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)); see also § 775.021(4)(a), Fla. Stat. (2008) (codifying Blockburger). Additionally, the Florida Supreme Court has held that double jeopardy does not bar convictions for both felony murder and the underlying felony. See Lukehart v. State, 776 So.2d 906, 922-23 (Fla.2000); Boler v. State, 678 So.2d 319 (Fla.1996); State v. Enmund, 476 So.2d 165 (Fla.1985).
The Legislature has made clear its intent to punish all offenses that occur within a single criminal episode with three exceptions: offenses which require identical elements of proof; offenses which are degrees of the same offense; and offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense. § 775.021(4)(b)1.-3., Fla. Stat. (2008). None of these exceptions apply to Appellant’s convictions.
The first exception is not applicable because, as Appellant concedes, third-degree murder and fleeing or eluding require different elements of proof. The second exception is not applicable because third-degree murder and fleeing or eluding are found in different statutes, neither offense is an aggravated form of the other, and the two are not degree variants of the same offense. See Valdes, 3 So.3d at 1076-77 (abandoning the “core offense” and “primary evil” tests from earlier cases in favor of an approach that focuses on the plain language of section 775.021(4)(b)2.). The third exception is not applicable because fleeing or eluding is not a lesser included offense of third-degree murder. See State v. Florida, 894 So.2d 941, 947-48 (Fla.2005) (explaining that section 775.021(4)(b)3. only applies to listed Category 1 lesser included offenses), disapproved on other grounds by Valdes, 3 So.3d at 1074-75.
Appellant nevertheless argues that he cannot be convicted and sentenced for both third-degree murder and fleeing or eluding because the offenses are based upon a single death. In support of this claim, Appellant relies on McKay v. State, 925 So.2d 1133 (Fla. 2d DCA 2006), Rodriguez v. State, 875 So.2d 642 (Fla. 2d DCA 2004), and Houser v. State, 474 So.2d 1193 (Fla.1985).
In Houser, the Florida Supreme Court stated that “the legislature did not intend to punish a single homicide under two different statutes.” 474 So.2d at 1197; see also id. at 1196 (“only one homicide conviction and sentence may be imposed for a single death”).[3] The court determined that DWI manslaughter was not merely an *648 enhancement of the penalty for driving while intoxicated, but that the addition of the death of a victim as an element of the offense “places [DWI manslaughter] squarely within the scope of this statute’s regulation of homicide.” Id. Thus, the court held that a defendant could not be convicted and sentenced for both DWI manslaughter and vehicular homicide based on the same death. Id. at 1197; see also Ivey v. State, 47 So.3d 908, 911 (Fla. 3d DCA 2010) (concluding that “Valdes did not overrule the well-settled principle that a single death cannot give rise to dual homicide convictions” and holding, based on Houser, that defendant’s convictions for both DUI manslaughter and vehicular homicide violate double jeopardy).
In Rodriguez, the Second District, citing Houser, determined that the defendant’s dual homicide convictions for third-degree murder and DUI manslaughter violated the protection against double jeopardy. See Rodriguez, 875 So.2d at 642. The court reasoned that a violation occurred because “more than one homicide punishment was imposed for a single death.” Id. at 645. Likewise, the Second District in McKay, relying on Rodriguez, held that separate convictions for third-degree murder and vehicular homicide arising from a single death violated the protection against double jeopardy. See McKay, 925 So.2d at 1134.
The state argues that Rodriguez and McKay are distinguishable because the underlying felonies for the third-degree murder convictions in those cases (DUI manslaughter and vehicular homicide, respectively) were homicide offenses whereas the underlying felony in this case (fleeing or eluding) is not a homicide offense. We agree.
Section 316.1935, Florida Statutes, proscribes the offense of fleeing or attempting to elude a law enforcement officer, and identifies various degrees of the crime. Pertinent to the analysis in this case, subsection (2) of the statute provides that it is a third-degree felony to willfully flee or attempt to elude an officer in a marked law enforcement vehicle with lights and sirens activated. Subsection (3)(a) enhances the penalty for the offense to a second-degree felony when, in the course of fleeing or eluding, the defendant drives at a high rate of speed or in a manner demonstrating wanton disregard for safety of persons or property. Subsection (3)(b) further enhances the penalty to a first-degree felony when, in the course of fleeing or eluding at a high rate of speed or with wanton disregard for safety of person or property, the defendant “causes serious bodily injury or death” (emphasis supplied).
Unlike DUI manslaughter and vehicular homicide, fleeing or eluding can be committed without causing a death. Thus, fleeing or eluding is not a homicide offense. The alternative element of “serious bodily injury” contained in section 316.1935(3)(b) distinguishes fleeing or eluding from the underlying felony offenses in Rodriguez and McKay, and it also distinguishes fleeing or eluding from DWI manslaughter, which the supreme court held in Houser to be a homicide offense rather than an enhancement to the penalty for DWI because death was an element of the offense. The fact that Appellant’s conviction for fleeing or eluding was based upon a death, rather than serious bodily injury, is irrelevant to the double jeopardy analysis. See § 775.021(4)(a), Fla. Stat. (2008) (explaining that the comparison of the elements of the offenses is to be made “without regard to the accusatory pleading or the proof adduced at trial”).
In sum, because fleeing or eluding is not a homicide offense, double jeopardy does *649 not bar Appellant’s convictions and sentences for both third-degree murder and the underlying felony of fleeing or eluding. For the same reason, Appellant’s dual convictions and sentences are not precluded by the “notions of fundamental fairness” underlying the principle that multiple homicide punishments cannot be based upon a single death. Accordingly, we affirm Appellant’s convictions and sentences.
AFFIRMED.
WOLF and HAWKES, JJ., concur.

. Third-degree murder is defined as ''[t]he unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony" other than the offenses specifically listed in the statute. § 782.04(4), Fla. Stat. (2008). The offense is a second-degree felony. Id.

. Fleeing or eluding is defined as follows:
(3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
[[Image here]]
(b) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, and causes serious bodily injury or death to another person, including any law enforcement officer involved in pursuing or otherwise attempting to effect a stop of the person’s vehicle, commits a felony of the first degree....
§ 316.1935(3)(b), Fla. Stat. (2008).

. The Florida Supreme Court recently observed that this principle is based on "notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a single killing." Gordon, 780 So.2d at 25 (citing Houser and several other cases). But none of the supreme court cases applying this principle involved felony murder and, as noted above, the court has held that it is permissible to convict a defendant of both felony murder and the underlying felony.