IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH TYRONE LINTON,

      Appellant,

 v.                                 Case No. 5D15-4394

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 10, 2017

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      Kenneth Linton ("Appellant") was the gunman and driver in an armed carjacking.

He asserts on appeal that his convictions and resulting sentences for one count of first-

degree murder with a weapon felony murder (Count I), one count of fleeing or attempting

to elude a law enforcement officer causing serious injury or death (Count II), and one

count of driving without a valid license causing serious bodily injury or death (Count IV) violate Florida's double jeopardy law.  We agree and remand for the trial court to vacate Appellant's current judgments and sentences as to Count II and Count IV with instructions to enter modified judgments and sentences.

As Phillip Sagan got out of his car to close the gate in front of his house late one evening, two males, one of whom was Appellant, approached him.  Appellant raised a gun to Mr. Sagan's head and said, "Don't move, I will shoot you right here."  Appellant then drove away in Mr. Sagan's car with the other man in the passenger seat. Mr. Sagan immediately called 911 and police responded quickly.

Officers in two patrol vehicles, with emergency lights and sirens activated, pursued Appellant in the speeding car.  During this high speed pursuit, Appellant ran multiple red lights and reached speeds in excess of 100 miles per hour.  The car crashed and rolled over; both occupants were ejected.  Appellant landed near the driver's side of the car and officers immediately secured him.  When asked, Appellant immediately admitted that he was driving the car.  Appellant's passenger, seventeen-year-old David Jones, died from injuries suffered as a result of the accident.  Police recovered a firearm from the car.

Appellant was charged by indictment with one count of first-degree murder with a weapon (Count I), one count of fleeing or attempting to elude a law enforcement officer causing serious injury or death (Count II), one count of vehicular homicide (Count III), and one count of driving without a valid license causing serious bodily injury or death (Count IV).  During the jury trial, the State presented evidence showing Appellant's involvement in the carjacking, high speed pursuit, and fatal crash.  Appellant did not have a valid driver's license on the date of the car crash.

2

The jury found Appellant guilty as charged on all four counts. The trial court sentenced Appellant to life in prison for Count I, thirty years in prison for Count II, fifteen years in prison for Count III, and five years in prison for Count IV, all to run concurrently. Appellant moved for a new trial and for dismissal of Counts III and IV based on double jeopardy. The trial court granted his motion to dismiss as to Count III, but denied it as to Count IV.

Appellant contends that the enhanced convictions of Counts II and IV must be vacated because a single course of conduct causing a single death cannot support convictions for both a homicide offense and an offense enhanced by the same death.[1] Appellate courts review double jeopardy claims de novo. *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006).

The Florida Supreme Court has stated, "Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes." *Houser v. State*, 474 So. 2d 1193, 1197 (Fla. 1985) (citations omitted). Based on this rule, the Florida Supreme Court held that a defendant could not be convicted of both DUI manslaughter and driving while license suspended causing the death of another human where only one death resulted. *State v. Cooper*, 634 So. 2d 1074, 1075 (Fla. 1994). The Court explained, "It is entirely appropriate to convict a person of both DUI manslaughter and driving while license is suspended, but it is inappropriate to enhance the degree of

---

[1] Appellant did not preserve the issue of whether the Count II conviction violates the prohibition against double jeopardy because he only raised the double jeopardy issue as to Count IV before the trial court. However, this Court may still review the issue as to Count II because "such a claim raises a question of fundamental error that can be raised for the first time on direct appeal." *Bailey v. State*, 21 So. 3d 147, 149 (Fla. 5th DCA 2009) (citations omitted).

both crimes by using a single homicide." *Id.* at 1074-75. "[T]here can be but one penalty imposed for causing the death of a single victim." *Id.* at 1074; *see also Houser*, 474 So. 2d at 1196-97 (holding that defendant cannot be punished for both DWI manslaughter and vehicular homicide for a single death); *Thomas v. State*, 837 So. 2d 443, 447 (Fla. 4th DCA 2002) (holding that defendant could not be convicted of both second-degree murder and driving while license suspended causing death because "double jeopardy principles prohibit convicting and sentencing appellant for the two homicide offenses arising out of a single death").

Applying *Cooper*, *Houser*, and *Thomas* to the instant case, we find that Appellant was properly found guilty and sentenced to life in prison on Count I, the first-degree murder of his passenger; however, Counts II and IV cannot be enhanced by that same homicide.

The First District reached a different conclusion in a similar case, *McKinney v. State,* 51 So. 3d 645 (Fla. 1st DCA 2011), in which it held that the defendant, who caused a single collision-related death, could be convicted and sentenced for both third-degree felony murder and fleeing or attempting to elude a law enforcement officer causing death, without violating double jeopardy.[2] 51 So. 3d at 648-49. McKinney carjacked a van, led police on a high speed chase, drove erratically, and collided with another car, killing its driver. *Id.* at 646. The First District rejected McKinney's claim that he was being punished twice for the death of a single victim, reasoning that the crime of fleeing or eluding is not a "homicide offense" because felony fleeing and eluding can be committed without

---

[2] *McKinney* refers to section 316.1935(3)(b), Florida Statutes (2008), which includes the element of causing serious injury or death, as "fleeing and eluding."

4

causing a death. Thus, the court in *McKinney* reasoned, since "fleeing and eluding" is not a "homicide offense," the defendant was not being punished twice for one death, even though high-speed fleeing and eluding can be enhanced, as it was in that case, from a second-degree to a first-degree felony if the fleeing and eluding resulted in the death of a person. *Id.* at 648-49; *see also* § 316.1953(3)(a)-(b), Fla. Stat. (2008).

The *McKinney* case does not discuss *Cooper.* We cannot reconcile *McKinney* and *Cooper* because *McKinney* held that a criminal defendant could be punished more than once for the same death if the underlying charged crime could be committed without causing a death, contravening *Cooper*'s holding that a criminal defendant cannot be punished more than once for the death of a single victim.

Notably, in a more recent case, *Crusaw v. State*, 195 So. 3d 422, 422-23 (Fla. 1st DCA 2016), the First District held that "double jeopardy principles barred Crusaw's conviction for careless driving with a suspended license resulting in death or serious bodily injury" when he was also convicted of vehicular homicide for the same death. The First District cited *Cooper* as controlling and did not mention its own *McKinney* decision. *See Crusaw,* 195 So. 3d at 422*.* Here, we are obliged to follow *Cooper* because we must follow the precedent set by the Florida Supreme Court. *See Hoffman v. Jones*, 280 So. 2d 431, 440 (Fla. 1973).

Accordingly, we affirm the conviction and sentence for first-degree murder, but reverse and remand with instructions for the trial court to: (1) vacate the current judgment and sentence for Count II and enter judgment convicting Appellant of fleeing or attempting to elude a law enforcement officer in violation of section 316.1935(3)(a), Florida Statutes (2008); and (2) vacate the current judgment and sentence for Count IV and enter

5

judgment convicting Appellant of driving without a valid license. The trial court shall also conduct appropriate proceedings to resentence Appellant based on his modified convictions. We sua sponte certify the conflict between *McKinney* and our case, and the apparent conflict between *McKinney* and *Cooper.*

REVERSED and REMANDED with instructions; CONFLICT CERTIFIED.


SAWAYA, J., concurs.
BERGER, J., dissents with opinion.

BERGER, J., dissenting. 5D15-4394

Because I believe the majority's reliance on <u>Cooper</u> to support its decision is misplaced, I respectfully dissent. In my view, <u>McKinney</u> and <u>Cooper</u> are readily distinguishable and no conflict, either real or apparent, exists between the two.[3] With that said, because the facts of this case are nearly identical to <u>McKinney</u>, and because I agree with Judge Wetherell's well-reasoned opinion in that case, I would affirm.

---

[3] Likewise, I believe <u>McKinney</u> and <u>Crusaw</u> are distinguishable.