NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TIPPY MCCULLOUGH,⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ Appellant,⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )
v.⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )⁣ ⁣ ⁣ Case No. 2D16-31
⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )
STATE OF FLORIDA⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ Appellee.⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ ⁣ ⁣ )

Opinion filed November 8, 2017.

Appeal from the Circuit Court for Manatee
County; Deno G. Economou, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

Tippy McCullough stole a 2013 Cadillac XTS out of a car wash in Manatee

County. McCullough's theft precipitated a high-speed police chase, during which she

struck—and caused the death of—a bicyclist. She now appeals her judgment and

sentences after entering an open plea of no contest to leaving the scene of a crash with

death, fleeing or eluding a law enforcement officer causing serious bodily injury or death, vehicular homicide, grand theft of a motor vehicle, resisting an officer without violence, and driving with a suspended license. See §§ 316.027(2)(c), .1935(3)(b), 322.34, 782.071(1)(a), 812.014, 843.02, Fla. Stat. (2015). The trial court sentenced her to imprisonment for an overall length of thirty years.[1]

McCullough challenges her sentences for leaving the scene of a crash with death, fleeing or eluding a law enforcement officer causing serious bodily injury or death, and vehicular homicide ("homicide offenses"). McCullough's overarching argument on appeal is that the trial court violated her double jeopardy protections by sentencing her for all three of the homicide offenses. She contends that she can be punished for only one of the homicide offenses because they all related to a single homicide—that of the bicyclist. McCullough's argument invokes what we will refer to as the "single homicide rule"—a judicially created extension of the constitutional and statutory double jeopardy bar. It provides that although a defendant can be charged and convicted under multiple criminal statutes for conduct causing another's death during one criminal episode, that criminal defendant can only be punished once for that death. See State v. Cooper, 634 So. 2d 1074, 1074-75 (Fla. 1994); Houser v. State,

---

[1]Although the parties do not dispute that McCullough was charged with and pleaded no contest to leaving the scene of a crash with death pursuant to section 316.027(2)(c), we note that the information and judgment list section 316.027(1)(b) as the appropriate statute. This mistake appears to be due to a recent statutory reorganization. See ch. 2014-225, § 2, at 1-4, Laws of Fla. But this citation error is of no consequence because McCullough pleaded no contest to all necessary elements of this offense and was advised of the statutory maximum of thirty years' imprisonment during the change-of-plea colloquy. See Mosely v. State, 688 So. 2d 999, 999-1000 (Fla. 2d DCA 1997) ("Because the information recited the appropriate factual description . . . we treat the citation to the incorrect statute as a scrivener's error and remand this case for correction of the judgment . . . .").

474 So. 2d 1193, 1197 (Fla. 1985); Rodriguez v. State, 875 So. 2d 642, 645 (Fla. 2d DCA 2004).

Bound by the supreme court's Cooper decision, we hold that the trial court erred by sentencing McCullough for fleeing or eluding causing serious bodily injury or death and vehicular homicide, in contravention of the single homicide rule. We thus reverse and remand with instructions for the trial court to vacate the vehicular homicide conviction and corresponding fifteen-year sentence. We affirm McCullough's remaining convictions and sentences.

## Double Jeopardy Framework in Florida

*1. Constitutional and Statutory Framework*

The Fifth Amendment to the U.S. Constitution and article I, section 9 of the Florida Constitution both protect individuals from being twice put in jeopardy for the same offense. A double jeopardy claim based upon undisputed facts presents a pure question of law, which we review de novo. Roughton v. State, 185 So. 3d 1207, 1209 (Fla. 2016) (citing State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014)). "The Double Jeopardy Clause presents no substantive limitation on the legislature's power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense." Id. (quoting Borges v. State, 415 So. 2d 1265, 1267 (Fla. 1982)); accord Valdes v. State, 3 So. 3d 1067, 1076 (Fla. 2009) ("[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode, as long as the Legislature intends such punishments." (citing Hayes v. State, 803 So. 2d 695, 699 (Fla. 2001))).

The legislature has codified the double jeopardy bar within section 775.021(4)(a)-(b), Florida Statutes (2015). Section 775.021(4)(a)-(b) is, at its core, a recitation of the well-known Blockburger test. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of a fact which the other does not."). The Blockburger test is a rule of statutory construction which "serves as a means of discerning [legislative] purpose" only where there is no "clear indication of contrary legislative intent." Albernaz v. United States, 450 U.S. 333, 340 (1981).

The plain and ordinary language of section 775.021(4) unambiguously states that it is the legislature's intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity . . . to determine legislative intent." An individual who "commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively." § 775.021(4)(a) (emphasis added). "[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." Id.; see also Blockburger, 284 U.S. at 304.

The legislature has prescribed three, and only three, exceptions to the statute's aforementioned intent to punish for each criminal offense in the course of one criminal episode. The legislature does not intend to allow separate sentencing for related offenses (1) that "require identical elements of proof," (2) that "are degrees of

- 4 -

the same offense as provided by statute," or (3) that "are lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b)(1)-(3).

Accordingly, "[a]bsent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger test," as set forth in section 775.021(4). Rodriguez, 875 So. 2d at 644 (quoting Gordon v. State, 780 So. 2d 17, 19-20 (Fla. 2001)).

*2. Florida's Single Homicide Rule*

The single homicide rule was birthed from cases where a single manslaughter caused by an offender's operation of a motor vehicle was punished by two manslaughter statutes, one of which simply cross-referenced the other. See Phillips v. State, 289 So. 2d 769, 770-71 (Fla. 2d DCA 1974) (reversing manslaughter by culpable negligence conviction because defendant was also convicted and sentenced for operating a motor vehicle while intoxicated, stating "[i]n any case, only one judgment and sentence is appropriate"); Carr v. State, 338 So. 2d 267, 267 (Fla. 1st DCA 1976) ("[A]ppellant could be adjudged guilty of only the one manslaughter which the jury found he committed by both of the two means specified."); Stewart v. State, 184 So. 2d 489, 491 (Fla. 4th DCA 1966) ("[T]he jury found the defendant guilty in one count charging manslaughter by culpable negligence and in the other count charging manslaughter by the operation of a motor vehicle while intoxicated. The same person

was killed as a result of each criminal act.  The information charged only one offense.").[2]

The supreme court formally adopted the single homicide rule in its 1985 Houser decision.  474 So. 2d at 1197.  There, the defendant was convicted and sentenced for both DWI manslaughter and vehicular homicide.  Id. at 1194.  Applying the Blockburger test, the First District held that because DWI manslaughter and vehicular homicide "each requir[e] proof of an element which the other does not," punishing Houser for both crimes was permissible.  Id. at 1196.  The supreme court disagreed with the First District's analysis and reversed.  The supreme court reasoned that although it is true the pairing of DWI manslaughter and vehicular homicide satisfy the Blockburger test, "Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes."  Id. at 1197.  It thus held that double jeopardy principles bar punishing Houser for both DWI manslaughter and vehicular manslaughter for causing a single death.  Id. at 1196-97.  In so holding, the supreme court clarified that the single homicide rule applies regardless of whether two offenses satisfy the Blockburger test.  Id. at 1197; McKay v. State, 925 So. 2d 1133, 1134 (Fla. 2d DCA 2006) (remanding to postconviction court because the single homicide rule was violated, even though "vehicular homicide and third-degree murder require different elements of proof").

---

[2]When Phillips was decided, the statute which criminalized "operating a motor vehicle while intoxicated" stated that a death resulting from such operation was "manslaughter" and was to be punished "by existing law relating to manslaughter." White v. State, 666 So. 2d 895, 896 n.1 (Fla. 1996) (quoting § 860.01(2), Fla. Stat. (1975)).

Since Florida's statutory codification of the Blockburger test, courts have repeatedly reaffirmed the continuing viability of the single homicide rule. See State v. Chapman, 625 So. 2d 838, 839-40 (Fla. 1993) (explaining that the legislature's codification of the Blockburger test did not affect its jurisprudence on the single homicide rule, holding that sentences for both DUI manslaughter and vehicular homicide violated the single homicide rule, and determining that section 775.021(4) did not abrogate Houser); Rodriguez, 875 So. 2d at 645 (explaining that the single homicide "rule retains viability today"); Ivey v. State, 47 So. 3d 908, 911 (Fla. 3d DCA 2010) ("Although the defendant's criminal charges stem from two separate statutes, as stated in Houser and its progeny, we are convinced the Legislature did not intend to punish the single death here by two separate homicide convictions.").

Thus, even if our analysis of the statutory elements of two homicide offenses satisfies the statutory double jeopardy bar prescribed by the legislature in section 775.021, we are bound to apply the single homicide rule, which affords a second tier of double jeopardy protection. See Chapman, 625 So. 2d at 839-40; Rodriguez, 875 So. 2d at 644-45 (citing Lawrence v. State, 801 So. 2d 293, 294-95 (Fla. 2d DCA 2001) (en banc)).

**Double Jeopardy Analysis**

Against this backdrop, we apply the statutory Blockburger test set forth by our legislature in section 775.021, and the single homicide rule, to the pairings of offenses which McCullough challenges.

*1. Vehicular Homicide and Leaving the Scene of a Crash with Death*

It is clear that vehicular homicide and leaving the scene of a crash with death do not share the same elements. Vehicular homicide requires <u>reckless</u> operation of a vehicle, but leaving the scene of a crash with death does not require that the vehicle be operated in any particular manner. <u>Compare</u> § 782.071(1)(a) (vehicular homicide), <u>with</u> § 316.027(2)(c) (leaving the scene of a crash with death). Moreover, leaving the scene of a crash with death also requires that a defendant <u>willfully</u> leave the scene of a crash, whereas vehicular homicide has no such element. <u>Compare</u> § 782.071(1)(a), <u>with</u> § 316.027(2)(c). Accordingly, these two offenses satisfy the statutory <u>Blockburger</u> test set forth in section 775.021(4). Lastly, the two offenses are not degrees of the same offense, nor is one a lesser offense subsumed by the greater offense. § 775.021(4)(b)(2)-(3). Accordingly, McCullough's convictions for vehicular homicide and leaving the scene of a crash with death satisfy the double jeopardy statute.[3]

These two convictions also do not violate the single homicide rule. To establish the crime of leaving the scene of a crash with death, the State need only prove that the defendant left the scene of a crash which <u>resulted in death</u>—not that the defendant <u>caused the death</u>. § 316.027(2)(c) (requiring only that the crash "results in

---

[3]In this case, vehicular homicide was not reclassified into a first-degree felony for failure to remain at the scene and comply with Florida's statutory information-giving and aid-giving duties. <u>See</u> § 782.071(1)(b). If it had been so reclassified, these two convictions would have created double jeopardy. <u>See</u> <u>Haag v. State</u>, 67 So. 3d 351, 352 (Fla. 2d DCA 2011); <u>Hunt v. State</u>, 769 So. 2d 1109, 1110 (Fla. 2d DCA 2000); <u>Colon v. State</u>, 53 So. 3d 376, 378-79 (Fla. 5th DCA 2011); <u>Ivey v. State</u>, 47 So. 3d 908, 911 (Fla. 3d DCA 2010); <u>cf.</u> <u>Kelly v. State</u>, 987 So. 2d 1237, 1239 (Fla. 2d DCA 2008) (holding that reclassification to driving without a valid license with serious bodily injury created double jeopardy violation, where defendant was also sentenced for DUI with serious bodily injury).

the death of a person").  Our court has held that the single homicide rule only applies where both homicide offenses require the defendant to cause the death in question. See Lawrence, 801 So. 2d at 295 (affirming convictions for DUI manslaughter and leaving the scene of a crash with death under the single homicide rule and reasoning that "although the offense of leaving the scene of an accident involving death requires a showing that the defendant was involved in an accident resulting in death, it does not require a showing that the defendant actually caused the death").  Here, because vehicular homicide requires McCullough to actually cause a death and leaving the scene of an accident with death does not, this pairing of offenses does not violate the single homicide rule.

*2.  Leaving the Scene of a Crash with Death and Fleeing or Eluding Causing Serious Bodily Injury or Death*

Fleeing or eluding causing serious bodily injury or death requires the willful attempt to flee or elude a law enforcement officer in an authorized patrol vehicle. § 316.1935(3).  Leaving the scene of a crash with death does not contain such an element and instead requires willfully leaving the scene of a crash with death. § 316.027(2)(c).  It is clear that these two offenses each require proof of an element that the other does not.  Furthermore, this pairing of offenses does not fall under either of the enumerated exceptions in sections 775.021(4)(b)(2) or (b)(3) because the two offenses are not degrees of the same offense, nor is one a lesser offense subsumed by the greater offense.  As such, McCullough's convictions for leaving the scene of a crash with death and fleeing or eluding causing serious bodily injury or death satisfy the statutory Blockburger test.  § 775.021(4).

Like the previous pairing, this pairing does not run afoul of the single homicide rule. To establish the crime of fleeing or eluding causing serious bodily injury or death, the State must prove that the defendant actually caused serious bodily injury or death. § 316.1935(3)(b). As we already explained, to establish the crime of leaving the scene with death, the State need only prove that the defendant left the scene of a crash which resulted in death, without having to prove that an offender <u>caused</u> the death. § 316.027(2)(c). Our decision in <u>Lawrence</u> again guides our conclusion. 801 So. 2d at 295. We thus hold that sentencing McCullough for the crimes of leaving the scene with death and fleeing or eluding causing serious bodily injury <u>or</u> death satisfies the statutory <u>Blockburger</u> test and is not in contravention of the single homicide rule.[4]

*3. Vehicular Homicide and Fleeing or Eluding Causing Serious Bodily Injury or Death*

We now arrive at the final pairing of offenses—second-degree vehicular homicide and fleeing or eluding causing serious bodily injury or death. We hold that McCullough's sentences for both second-degree vehicular homicide and fleeing or eluding violate the single homicide rule.[5]

Fleeing or eluding causing serious bodily injury or death requires that the defendant willfully flee or attempt to elude a law enforcement officer in an authorized

---

[4]The legislature has clearly expressed its intent to allow for the crime of fleeing or eluding causing serious bodily injury or death to be charged together with leaving the scene of a crash with death, so long as the defendant was in the course of leaving the scene when they began to flee. § 316.1935(4)(b). McCullough was not, however, charged under section 316.1935(4)(b).

[5]Unlike the prior two offense pairings, we need not conduct a section 775.021(4) double jeopardy analysis for this pairing because reversal is mandated under the single homicide rule.

law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding, the defendant (1) drives at a high speed or in any manner demonstrating a wanton disregard for the safety of persons or property, and (2) causes serious bodily injury or death to another person. § 316.1935(3)(b). Vehicular homicide requires that the defendant (1) kill a human being, (2) by the operation of a motor vehicle, (3) in a reckless manner likely to cause death or great bodily harm to another. § 782.071(1)(a).

In Cooper the supreme court approved of the Fifth District's holding that convictions for DUI manslaughter and driving while license suspended (DWLS) causing death or serious bodily injury violated the single homicide rule. 634 So. 2d at 1074-75. The DWLS statute at issue in Cooper contained language which is congruent to the fleeing or eluding statute here—the defendant must have caused "death of or serious bodily injury to another." See Cooper v. State, 621 So. 2d 729, 732 (Fla. 5th DCA 1993) (quoting § 322.34(3), Fla. Stat. (1991)), approved, 634 So. 2d 1074 (Fla. 1994). The supreme court in Cooper paid no mind that DWLS causing death or serious bodily injury does not necessarily require that the offender cause the death of another. That is, the same crime can be committed if the offender causes serious bodily injury, not death. The Cooper court invoked the single homicide rule to reverse the sentence relating to DWLS causing death or serious bodily injury, even though DWLS causing death or serious bodily injury does not require death. We can discern no meaningful difference between DWLS causing death or serious bodily injury at issue in Cooper and the fleeing and eluding "caus[ing] serious bodily injury or death to another." § 316.1935(3)(b)

- 11 -

(emphasis added). According to the rationale in Cooper, that section 316.1935(3)(b) does not necessarily require that an individual cause the death of another to satisfy a prima facie case does not preclude it from being characterized as a "homicide" for the purpose of the single homicide rule. Indeed, the Cooper defendant caused the death of an individual and was convicted under a statute where death was not required to sustain a conviction—DWLS causing death or serious bodily injury.

Here, like the Cooper defendant, McCullough committed one homicide and was sentenced for two homicide offenses—vehicular homicide and fleeing or eluding causing serious bodily injury or death. Because McCullough was punished twice for causing the same death, we are compelled by supreme court precedent to hold that this pairing of convictions places McCullough in double jeopardy. See Cooper, 634 So. 2d at 1075; Houser, 474 So. 2d at 1197; Linton v. State, 212 So. 3d 1100, 1102 (Fla. 5th DCA 2017); cf. Rodriguez, 875 So. 2d at 645.

We are mindful that McCullough could have committed fleeing or eluding causing serious bodily injury or death even if the bicyclist did not die but rather suffered a serious bodily injury. But that mechanical, same-elements analysis is not appropriate to determine a violation of the protections of the single homicide rule. Just as in Cooper, McCullough was charged and sentenced pursuant to two statutes, one of which required causation of a death as a necessary element in all circumstances (vehicular homicide) and a second which could have been charged without any death (fleeing or eluding causing serious bodily injury or death). See §§ 316.1935(3)(b), 782.071(1)(a). We find no meaningful way to distinguish Cooper from the present case and thus are

- 12 -

bound by its rationale.[6] See Linton, 212 So. 3d at 1103; cf. Crusaw v. State, 195 So. 3d 422, 422 (Fla. 1st DCA 2016) (concluding that Cooper is controlling and holding that trial court erred by sentencing a defendant for both vehicular homicide and careless driving with suspended license causing death or serious bodily injury). But see McKinney v. State, 51 So. 3d 645, 648 (Fla. 1st DCA 2011) (affirming the trial court's punishment of a defendant for both fleeing or eluding causing serious bodily injury or death and third-degree murder under both section 775.021(4) and the single homicide rule, even if it was based on a single homicide).

We discern that the First District has been hesitant to apply the single homicide rule to fleeing or eluding causing serious bodily injury or death. In McKinney, the trial court sentenced McKinney for both third-degree murder and fleeing or eluding causing serious bodily injury or death. Id. at 646-47. On appeal, the First District reasoned that because fleeing or eluding causing serious bodily injury or death does not necessarily require a homicide, it is not a "homicide offense." Id. at 648. Thus, the McKinney court, conducting a Blockburger-type same-elements analysis, held that the single homicide rule is inapplicable where death is not the only means by which an offender may violate a statute, even if a single death resulted. Id. at 648-49. In so doing, the McKinney court did not consider Cooper and instead relied upon Houser and other appellate decisions reversing under the single homicide rule, where the pertinent

---

[6]It is unclear whether Cooper will remain good law based on our supreme court's rationale in Valdes v. State, 3 So. 3d 1067, 1077 (Fla. 2009), where the supreme court dispensed with the judicially created "primary" or "same evil test," which is akin to the judicially created single homicide rule. That said, we are compelled to follow Cooper because the supreme court does not intentionally overrule its prior precedent sub silentio. See Puryear v. State, 810 So. 2d 901, 905 (Fla. 2002).

- 13 -

statutes could only have been violated if the offender caused death.  Id. at 647-48

(citing, inter alia, Houser, 474 So. 2d at 1196-97; McKay, 925 So. 2d at 1134;

Rodriguez, 875 So. 2d at 642).

Furthermore, the McKinney court did not adhere to the plain and ordinary

language of section 775.021(4)(a), which only bars consideration of an "accusatory

pleading" or "the proof adduced at trial" when a court is looking at two offenses and

trying to decide "if each offense requires proof of an element that the other does not."

(Emphasis added.)  No part of section 775.021 instructs courts to utilize the single

homicide rule as though it were the statutory Blockburger test.  On the contrary,

Chapman made clear that the statutory codification of the Blockburger test did not affect

our supreme court's jurisprudence on the single homicide rule.  625 So. 2d at 839-40.

In other words, the McKinney court erred because it tried to import the alternative

conduct analysis of section 775.021(4)(a) into its independent analysis of the single

homicide rule.  But to hold that the alternative conduct analysis of the statutory

Blockburger test also applies to the single homicide rule is the same as holding that

there is no single homicide rule at all.  Confusion as to the applicability of the same

elements test set forth in section 775.021(4) to the single homicide rule is evident in the

case law.  Compare McKinney, 51 So. 3d at 647-48, with Crusaw, 195 So. 3d at 422.

Accordingly, we certify conflict with McKinney because we do not believe

that principles from the statutory Blockburger test impact our supreme court's

jurisprudence on the single homicide rule.  We agree with the Linton decision, where the

Fifth District applied Cooper to hold that convictions for fleeing or eluding causing

serious bodily injury or death and DWLS causing death or serious bodily injury violate

the single homicide rule.  See Linton, 212 So. 3d at 1102.  Bound by Cooper, we hold that the sentencing court erred by punishing McCullough for both vehicular homicide and fleeing or eluding causing serious bodily injury or death.

## Conclusion

The trial court erred by punishing McCullough for both her convictions for vehicular homicide and fleeing or eluding causing serious bodily injury or death because it violated the single homicide rule.  Because fleeing or eluding causing serious bodily injury or death is a first-degree felony, we reverse and remand with instructions for the trial court to vacate the lesser, second-degree felony of vehicular homicide.  See Cooper, 621 So. 2d at 732.  We affirm, however, McCullough's conviction as to leaving the scene of a crash with death, as its pairing with either of the two aforementioned offenses does not constitute double jeopardy.  Because we have affirmed her thirty-year sentence for leaving the scene of a crash with death, McCullough's sentence of imprisonment for an overall length of thirty years will remain unchanged.  We affirm McCullough's remaining convictions and sentences.

We also instruct the trial court to correct a scrivener's error in the judgment to clarify that McCullough's conviction for leaving the scene of a crash with death was pursuant to section 316.027(2)(c), not section 316.027(1)(b).  See Mosely v. State, 688 So. 2d 999, 999-1000 (Fla. 2d DCA 1997).

Affirmed in part; reversed in part and remanded with instructions; conflict certified.

SILBERMAN, J., Concurs with opinion.
SLEET, J., Concurs with opinion.

- 15 -

SILBERMAN, Judge, Concurring.

I fully agree with Judge Badalamenti's thorough analysis and resolution of each of the double jeopardy pairings. I write to note two points. First, as to footnote six of the majority opinion, I do not read Valdes v. State, 3 So. 3d 1067 (Fla. 2009), as casting doubt on the continued viability of the single homicide rule. Second, although McCullough's appellate argument for reversal focused primarily on the single homicide rule, the State argued for affirmance based on Blockburger v. United States, 284 U.S. 299 (1932). In light of our conclusion that McCullough is entitled to relief under the single homicide rule, we need not address the State's Blockburger argument. However, if we were to reach that issue I would agree with Judge Sleet that as to the pairing of vehicular homicide and fleeing or eluding causing serious bodily injury or death, a Blockburger analysis would not support affirmance.

SLEET, Judge, Concurring.

I concur with Judge Badalamenti's conclusion that McCullough's convictions for first-degree fleeing or eluding a law enforcement officer causing serious bodily injury or death and second-degree vehicular homicide violate double jeopardy and that we must reverse her conviction and sentence for vehicular homicide and affirm her remaining convictions. However, unlike Judge Badalamenti, I conclude that McCullough's convictions and sentences for both of these offenses in this case not only violate the single homicide rule but also violate the Blockburger test as codified in section 775.021(4), Florida Statutes (2015). I write to discuss the proper application of the Blockburger test as set forth in section 775.021(4).

- 16 -

Under Blockburger, "[a] defendant is placed in double jeopardy where based upon the same conduct the defendant is convicted of two offenses, each of which does not require proof of a different element." Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006). Section 775.021(4)(a) sets forth the legislature's intent that a defendant who

> in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense . . . . [O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

§ 775.021(4)(a); see also Blockburger, 284 U.S. at 304.

In reviewing a double jeopardy claim, "we first consider whether the convictions arose from the same criminal transaction or episode." Fleming v. State, No. 2D16-469 (Fla. 2d DCA Sept. 27, 2017) (citing § 775.021(4); Lee v. State, 223 So. 3d 342, 348 (Fla. 1st DCA 2017)). If we conclude that they do, "we must then determine if the convictions were predicated on distinct acts." Id. (quoting Lee, 223 So. 3d at 348). "In determining whether convictions arose from the same criminal episode or were based on distinct acts, 'the reviewing court examines the entire record, including all evidence admitted at trial.' " Id. (quoting Lee, 223 So. 3d at 349). "Only after determining that the convictions arose from the same criminal episode and were not based on distinct acts do we then consider whether each offense requires an element that the other does not." Id. (citing Batchelor v. State, 193 So. 3d 1054, 1058 (Fla. 2d DCA 2016)).

Here, there is no dispute that the charged offenses of first-degree fleeing or eluding a law enforcement officer causing serious bodily injury or death and second-degree vehicular homicide arose out of the same criminal episode and are both based on the death of the same victim.  Therefore, the issue becomes whether each offense requires an element of proof that the other does not.  I conclude that they do not and that therefore McCullough's convictions for both offenses in this case constitute a double jeopardy violation under section 775.021(4).

The offense of vehicular homicide is subsumed within the offense of fleeing or eluding a law enforcement officer causing serious bodily injury or death in this case.  The elements of vehicular homicide require a showing that the defendant (1) killed a human being (2) by the operation of a motor vehicle (3) in a reckless manner likely to cause death or great bodily harm to another.  § 782.071(1)(a), Fla. Stat. (2015).  Fleeing or eluding a law enforcement officer causing serious bodily injury or death requires a showing that the defendant (1) willfully fled or attempted to elude a law enforcement officer in an authorized law enforcement patrol vehicle with siren and lights activated, (2) drove at a high speed or in any manner demonstrating a wanton disregard for the safety of persons or property, and (3) caused serious bodily injury or death to another person.  § 316.1935(3)(b), Fla. Stat. (2015).  While section 316.1935(3)(b) contains the additional elements of fleeing or attempting to elude a law enforcement officer, speeding, and causing serious bodily injury, each element of section 782.071(1)(a) is also an element of section 316.1935(3)(b).[7]  As such, vehicular

---

[7]This court has explained that section 316.1935(3)(b)'s "wanton disregard" language is synonymous with section 782.071(1)'s "reckless operation" language.  See State v. Del Rio, 854 So. 2d 692, 693 (Fla. 2d DCA 2003).

- 18 -

homicide does not "require[] proof of an element that [fleeing or eluding a law enforcement officer causing serious bodily injury or death] does not." See § 775.021(4). The offenses therefore cannot be considered separate offenses pursuant to the statute.

Because these two offenses do not pass the Blockburger test as codified in section 775.021(4), it is unnecessary to conduct a single homicide analysis in this case. Nevertheless, I concur with the result of Judge Badalamenti's single homicide analysis and agree that McCullough's sentences for both convictions also constitute a double jeopardy violation pursuant to the single homicide rule because they are for homicide offenses that are based on the death of a single victim. See State v. Cooper, 634 So. 2d 1074, 1074 (Fla. 1994) ("[T]here can be but one penalty imposed for causing the death of a single victim."); Houser v. State, 474 So. 2d 1193, 1196-97 (Fla. 1985) ("[O]nly one homicide conviction and sentence may be imposed for a single death. . . . Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes."); Linton v. State, 212 So. 3d 1100 (Fla. 5th DCA 2017) (holding that convictions for fleeing or eluding a law enforcement officer causing serious bodily injury or death and driving without a valid license causing serious bodily injury or death violate the single homicide rule where they were based on the same homicide); Ivey v. State, 47 So. 3d 908, 911 (Fla. 3d DCA 2010) (reaffirming "the well-settled principle that a single death cannot give rise to dual homicide convictions"). See generally State v. Chapman, 625 So. 2d 838, 839 (Fla. 1993) (holding that the enactment of section 775.021(4) did not overrule the Florida Supreme Court's holding in Houser "that a single death cannot support convictions of both DUI manslaughter and vehicular homicide").

Furthermore, I concur in certifying conflict with the First District's opinion in McKinney v. State, 51 So. 3d 645, 648 (Fla. 1st DCA 2011), in which that court held that fleeing or eluding a law enforcement officer causing serious bodily injury or death is not a homicide offense and that thus, the defendant's convictions for fleeing and eluding and DUI manslaughter based on the death of a single victim did not violate the single homicide rule. That a violation of section 316.1935(3)(b) may be committed by causing serious bodily injury and not death does not alter the application of the single homicide rule; an appellate court is not precluded from considering the pleadings or evidence adduced at trial in determining whether a defendant has been convicted of two homicide offenses based on a single death. See, e.g., Crusaw v. State, 195 So. 3d 422, 422 (Fla. 1st DCA 2016) (holding that convictions for vehicular homicide and careless driving with a suspended license causing death or great bodily injury violated the single homicide rule when "[t]he information listed the same victim for both crimes"); Linton, 212 So. 3d at 1102-03. In McKinney, the First District conflates the same elements test under section 775.021(4) and the single homicide rule, incorrectly stating that "[t]he fact that [the defendant's] conviction for fleeing or eluding was based upon a death, rather than serious bodily injury, is irrelevant to the double jeopardy analysis." 51 So. 3d at 648. As the First District explained in Lee, it is only when applying the same elements test— the third step of the double jeopardy analysis under section 775.021(4)(a)—that "the accusatory pleading or the proof adduced at trial" may not be considered. 223 So. 3d at 350. Because section 316.1935(3)(b) includes the element of causing a death, it is a homicide offense. See Lawrence v. State, 801 So. 2d 293, 294-95 (Fla. 2d DCA 2001). And when a conviction for fleeing or eluding causing serious injury or death is based on

causing the death of a single victim, it is subject to the single homicide rule.  See, e.g., Cooper, 634 So. 2d at 1074; Crusaw, 195 So. 3d at 422-23.

Finally, I disagree with Judge Badalamenti that the Florida Supreme Court's opinion in Valdes v. State, 3 So. 3d 1067 (Fla. 2009), called into question whether the single homicide rule will remain good law.  "Valdes involved convictions for both shooting from a vehicle and shooting into an occupied vehicle arising from a singular shooting incident that did not result in death.  Thus, the Valdes court did not determine the double jeopardy consequences of dual homicide convictions arising from a single death."  Ivey, 47 So. 3d at 910.