DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOWARD NELSON BARTEE, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1932

[September 6, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF000196.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for burglary of an occupied dwelling with a firearm, and attempted manslaughter with discharge of a firearm. The defendant raises five arguments seeking to overturn his convictions, but none of those five arguments has merit. Thus, we affirm the defendant's convictions without further discussion.

We write to address only the defendant's sixth argument – the circuit court erred in denying his postconviction motion to correct the written judgment's statutory citation and felony degree for his burglary of an occupied dwelling with a firearm conviction. The state concedes, and we agree, that the written judgment requires correction. As the state's answer brief submits:

> [T]he language in the information alleged all of the necessary elements of section 810.02(2)(b)[, Florida Statutes (2017)] and the jury found [the Defendant] guilty of each element [of the statute]. However, the written judgment lists

a violation of subsection (a). … [T]he judgment should not reflect a violation of section 810.02(2)(a), and this Court should remand for the trial court to correct the written judgment so it [indicates] a violation of … section 810.02(2)(b) to reflect the language in the information and the jury's findings. [*See*] *Sweeney v. State*, 138 So. 3d 1095, 1095 (Fla. 4th DCA 2014) (remanding for trial court to correct statute number on appellant's written judgment and sentencing documents); [*cf.*] *Moseley v. State*, 688 So. 2d 999, 1000 (Fla. 2d DCA 1997) ("Because the information recited the appropriate factual description of a violation of section 810.02(2)(a), we treat the citation to the incorrect statute as a scrivener's error and remand this case for correction of the judgment to indicate a conviction under section 810.02(2)(a).").

This Court should also remand for the trial court to correct the written judgment so it properly reflects that [burglary of an occupied dwelling with a firearm] is a first-degree felony punishable by life. Section 810.02(2)[(b)] provides that [burglary of an occupied dwelling with a firearm] … is a first-degree felony punishable by a term of years not exceeding life or up to 30 years. *See also* 775.082(3)(b), Fla. Stat. (2017). However, as the Defendant pointed out, the written judgment incorrectly lists [that offense] as a life felony. [*See*] *Flowers v. State*, 16 So. 3d 1047, 1047 (Fla. 1st DCA 2009) (remanding for the written judgment to be corrected where it listed the crime as a life felony rather than a first-degree felony punishable by life imprisonment).

(internal record citations omitted).

Based on the foregoing, we remand for the circuit court to correct the written judgment to indicate the defendant's burglary of an occupied dwelling with a firearm conviction constitutes: (1) a violation of section 810.02(2)(b), Florida Statutes (2017); and (2) a first-degree felony punishable by life. The defendant's presence is not required for this ministerial act. *See Prentice v. State*, 319 So. 3d 57, 62 (Fla. 4th DCA 2021) ("[Because] correction of the written judgment in this case is a ministerial act, neither resentencing nor Appellant's presence is required for this purpose.").

*Convictions affirmed; remanded for correction of written judgment.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***